STATE of Missouri, Respondent,

v.

Ronald WILLIAMS a/k/a Juan Joyner, Appellant.

Ronald WILLIAMS, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 53671, 57516.

Missouri Court of Appeals, Eastern District, Division Two.

April 16, 1991.

Henry B. Robertson, St. Louis, Beth A. Davis, Union, for appellant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

This is a consolidated appeal.

Defendant was convicted by a jury of robbery first degree and burglary first degree. He was sentenced as a prior and persistent offender to twenty years' imprisonment. His Rule 29.15 motion was denied. We affirm both his conviction and denial of his post-conviction relief motion.

Defendant was originally charged in 1984. His first trial ended in a hung jury in April 1985. He was tried a second time in September 1985. In his second trial, defendant was again convicted of both counts. This conviction and sentence was appealed. The case was reversed and remanded for a new trial. *State v. Williams,* 724 S.W.2d 652 (Mo.App.1986). After almost seven years from the date of the criminal conduct, the case is before us once more on defendant's direct appeal and appeal of his Rule 29.15 order.

Defendant asserts the trial court erred in overruling his pretrial motion to prevent both the court and the State from referring to defendant as Ronald Williams, and defendant was prejudiced thereby during the trial by the use of an alias. The first two trials, appeal and beginning of the third trial were against Ronald Williams a/k/a Juan Joyner. Defendant did not testify in the first two trials, but did so in his third trial. Defendant admitted the use of different aliases in prior criminal proceedings against him. We rule this point against defendant for several reasons. Defendant's pretrial motion was not to prevent reference to the alias, but to change the style of the case to *State v. Juan Joyner.* Defendant cannot change his theory on appeal. *State v. Quick,* 639 S.W.2d 880, 883[3] (Mo.App.1982). Further, there was not an objection to any of the prosecutor's references during the trial to aliases of defendant. Defendant did not preserve the issue. *State v. Cannady,* 660 S.W.2d 33, 36–37[3, 4] (Mo.App.1983).

Furthermore, we find no plain error. The defendant, when he elected to testify, could reasonably expect references to an alias he had used in the past. The record shows the use of the word "alias" was not used in front of the jury. The mere use of an alias by defendant is not a crime. *State v. Berry,* 679 S.W.2d 868, 874[7] (Mo.App.1984). We find no manifest injustice. Rule 30.20. This point is denied.

Defendant also proffers reversible error when the court excused venireper-

sons Randall and Lloyd for cause at the request of the State. This point failed because defendant did not show the jury as finally selected was not composed of competent, qualified and unbiased jurors. *State v. Weekley*, 621 S.W.2d 256, 258[1, 2] (Mo.1981); *State v. Jones*, 749 S.W.2d 356, 360[4] (Mo. banc 1988), *cert. denied*, 488 U.S. 871, 109 S.Ct. 186, 102 L.Ed.2d 155 (1989).

■ Finally, defendant proffers reversible error in the trial court sustaining the State's motion in limine prohibiting defendant from questioning the victim as to her whereabouts at an alleged all-night poker game prior to her return home on the night of the robbery and burglary. This point was not preserved for review. Defendant failed to make an offer of proof of the evidence he wanted the jury to hear. *State v. Harris*, 620 S.W.2d 349, 355–356[15] (Mo. banc 1981).

■ With reference to defendant's appeal of the denial of his Rule 29.15 motion, no brief with reference thereto has been filed. In any event, his Rule 29.15 motion was filed out of time. Movant was sentenced prior to January 1, 1988, and was required by Rule 29.15(m) to file his motion on or before June 30, 1988. He did not file his motion until October 24, 1988, and it was therefore untimely filed. *Day v. State*, 770 S.W.2d 692, 696[2] (Mo. banc 1989). This point is denied.

Judgments affirmed.

GARY M. GAERTNER, P.J., and AHRENS, J., concur.