STATE of Missouri, Plaintiff–
Respondent,

v.

Earl GREGORY, Sr., Defendant–
Appellant.

No. 17633.

Missouri Court of Appeals,
Southern District,
Division One.

June 24, 1992.

William L. Webster, Atty. Gen., Breck K. Burgess, Robin H. Grissom, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

John L. Woodward, Timothy Evans, Woodward and Associates Law Firm, P.C., Cuba, for defendant-appellant.

PREWITT, Presiding Judge.

Following nonjury trial, defendant was convicted of three felonies. He was sentenced to seven years' imprisonment for sodomy, five years for use of a child in a sexual performance with that sentence to run consecutive to the sentence for sodomy and three years for incest to run concurrent with the five-year sentence. Defendant appeals, presenting three points relied on.

For his first point defendant states that the trial court "committed plain error" because the court reopened the evidence on its own motion twenty-eight days after the parties had concluded the presentation of evidence and ordered the state to produce two witnesses whose testimony had previously been presented by video tape under § 491.680, RSMo 1986. Defendant contends that by doing so the trial court assumed the role of prosecutor preventing him from having a fair and impartial trial and denying him due process of law resulting in the miscarriage of justice.

No objection was made when the court reopened the evidence nor when the testimony was presented. Failure to object at the earliest opportunity to the admission of evidence constitutes a waiver of the contention. *State v. Jackson,* 768 S.W.2d 614, 617 (Mo.App.1989). Absent an objection in the trial court, such a contention is not preserved for appellate review. *State v. Pospeshil,* 674 S.W.2d 628, 632 (Mo.App. 1984).

However, as defendant is urging, under Rule 30.20 this court may consider "plain errors affecting substantial rights ... in the discretion of the court when the court finds a manifest injustice or miscarriage of justice has resulted therefrom." The

record shows that no miscarriage of justice or injustice resulted here.

■ Defendant had previously objected to the testimony by way of video tapes claiming that it denied his right of confrontation. For a discussion of that right pertaining to § 491.680, RSMo 1986, see *State v. Naucke*, 829 S.W.2d 445 (Mo. banc 1992).

The trial judge reopened the evidence, determining that defendant's right to confrontation with his accusers may have been denied. In view of defendant's previous objection and his failure to object when evidence was reopened and the evidence heard, it appears that presenting the witnesses in person was in accordance with defendant's wishes. Point one is denied.

In his second point defendant contends the trial court abused its discretion in refusing a request for a continuance. Defendant had been examined by Dr. Byron English pursuant to motion filed by the prosecuting attorney requesting "that the court order a psychiatric examination of the defendant". In a report dated July 7, 1989, Dr. English and another psychologist concluded that defendant did not suffer from mental disease or defect and had the capacity to understand the proceeding against him and to assist in his defense.

English was not initially listed as a witness on the information. The trial was set and commenced on January 28, 1991. On January 7, 1991 the state sought to file an amended information listing Dr. English and other additional witnesses. On January 18, 1991, the trial court denied defendant's objection to English being listed as a witness.

On January 23, 1991, defendant, through his attorney, filed a motion stating that the attorney was absent from his practice from January 7 to January 15 and consulted with defendant at the earliest opportunity which was January 21, 1991. The attorney stated that defendant requested that the deposition of the additional witnesses be taken and asked for a continuance because due to his attorney's scheduling, the depositions *could* not be taken prior to trial commencing on January 28. The motion asked the trial court to deny the state leave to endorse additional witnesses but if they were added that the case be continued from its January 28 setting allowing time to take the depositions.

■ Granting or denying a continuance is within the sound discretion of the trial court. *State v. Nave*, 694 S.W.2d 729, 735 (Mo. banc 1985), cert. denied, 475 U.S. 1098, 106 S.Ct. 1500, 89 L.Ed.2d 901 (1986). "A very strong showing is required to prove trial court abuse of discretion in denial of a motion for continuance." *Id.* The party requesting the continuance has the burden of showing prejudice resulting by the denial. *Id.*

English testified on January 30, 1991 and the record does not establish that there was not an opportunity to have taken his deposition or otherwise investigate his testimony. Further, no prejudice has been shown as there is no indication what such investigation or deposition may have brought out that was not available at trial. No abuse of discretion in denying the continuance has been shown. Point two is denied.

In his remaining point defendant asserts that the trial court abused its discretion "by permitting the State to adduce testimony alleging prior uncharged sexual assaults by the defendant in connection with an offer of proof and subsequently admitting this testimony during cross-examination of the defendant when said testimony was outside the scope of direct examination."

■ In his direct testimony defendant referred to his rape of another daughter and gave testimony regarding his prior sexual behavior with other members of his family. This allowed the state to cross-examine him as to other sexual activities with members of his family. A defendant in a criminal case who elects to testify may be examined in detail as to any matter generally referred to in his direct examination. *State v. Foulk*, 725 S.W.2d 56, 70 (Mo.App.1987).

■ The testimony of the witnesses complained of, which had earlier been present-

ed as an offer of proof, was properly allowed. Evidence of defendant's sexual misconduct with other children in his custody or control is admissible as a common scheme or plan exception to the rule precluding evidence of other crimes and offenses. *State v. Barnard,* 820 S.W.2d 674, 678 (Mo.App.1991). See also *State v. Lachterman,* 812 S.W.2d 759, 765–769 (Mo. App.1991) (discussion of basis for allowing such evidence); *State v. Courter,* 793 S.W.2d 386, 388 (Mo.App.1990); *State v.*

*Fraction,* 782 S.W.2d 764, 768 (Mo.App. 1989). Point three is denied.

The judgment is affirmed.

CROW and PARRISH, JJ., concur.