**STATE of Missouri, Respondent,**

v.

**Charles Frederick BROWN, Appellant.**

**Charles Frederick BROWN,
Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 67074, 68338.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 20, 1996.

Emmett D. Queener, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., David G. Brown, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Charles Brown appeals his convictions for robbery first degree and armed criminal action, and a denial of his motion for post conviction relief under Rule 29.15. We affirm.

The state proved the following facts: Just before 9:00 p.m. on February 3, 1994, two young women in a car drove into the parking lot at Independence Place, Cape Girardeau, Missouri. They noticed two black men walking towards them, one of whom they identified as Brown. As the women exited the vehicle, Brown pretended to ask for directions, he then pulled out a gun and said "give me all your money, . . . ." The women surrendered money and a cigarette case after Brown placed a cocked gun to the forehead of one of them. Immediately thereafter, some bystanders began yelling from a nearby bar. Brown and his accomplice fled the parking lot with the stolen property.

At 9:06 p.m., police officers were dispatched to the scene of the robbery. At 9:34 p.m., Brown and another man were stopped a few blocks from the parking lot and later arrested. Both women identified Brown in photographic line-ups.

At trial, Brown testified. He denied the charges and asserted that this was a case of misidentification. The jury found him guilty of both charges. The trial court sentenced him as a prior offender to concurrent fifteen-year terms of imprisonment.

■ Brown raises three points on appeal. In the first point, he contends the trial court erred in granting the state's challenge for cause of venirepersons Lunsford and Reynolds. During voir dire, the prosecutor asked the jury panel if anyone believed Brown, being a black man, could not get a fair trial because the entire jury panel was white. Venireperson Reynolds responded:

VENIREMAN REYNOLDS: . . . I think there should be some black faces on this panel. I have a problem with this.

When the prosecutor asked why he had a problem, Reynolds replied:

Because I have a—I have a question when—in my mind whether—as a minority black person, whether he is going to get— we—we do live down in little dixie as far as I'm concerned, or Southeast Missouri. We do have a little built-in prejudice against blacks. Now, I hear it everyplace, and I

have a real problem with no body being on this panel that are (sic) black. I really have a problem with that.

Venireperson Lunsford held the same views as Reynolds. He indicated "there should be some blacks on the panel" and specifically stated he would have a problem with sitting on an all white panel when the defendant is black. He further added:

VENIREMAN LUNSFORD: Well, if I was sitting in [Brown's] chair, . . . if I was not in the State of Missouri, say I was in the State of Mississippi or Georgia in the south, I'd be—a white man sitting there and there'd be a black panel, I would want some white people in (sic) the panel.

The prosecutor then asked the panel whether they could hear the evidence and be fair, despite being an all white jury. Reynolds indicated he would not have a problem deciding the case, but thought it was "kind of sad that it's an all white panel. . . ." Lunsford on the other hand, clearly stated he could not hear the evidence. The court excused Reynolds and Lunsford for cause because their personal opinions caused the court "some concern" as to their ability to try the case and to following instructions.

▪ The standard of review for determining the qualifications for prosecutive jurors is "abuse of discretion" by the trial court. *State v. Debler*, 856 S.W.2d 641, 645 (Mo. banc 1993). We will not disturb the trial court's ruling, unless it constitutes a clear abuse of discretion and a real probability of injury to the complaining party. *State v. Six*, 805 S.W.2d 159, 165 (Mo. banc 1991). Since the trial court is in a better position to determine impartiality of jurors, doubts as to the trial court's findings will be resolved in its favor. *State v. Walton*, 796 S.W.2d 374, 378 (Mo. banc 1990); *State v. Becton*, 841 S.W.2d 315, 319 (Mo.App.E.D.1992). In order to be struck for cause, the beliefs of the prospective juror must impair the person's ability to follow instructions. *State v. Light*, 871 S.W.2d 59, 61 (Mo.App.E.D.1994).

It is clear from the record venirepersons Reynolds and Lunsford had serious reservations about serving on "an all white [jury] panel." They repeatedly stated they questioned the lack of black jurors on the panel.

Although the prosecutor pressed Reynolds, he continued to express concern about serving on "an all white panel" with a black defendant. Based on their responses, we find the trial court did not abuse its discretion in striking the two venirepersons.

▪ Brown has not articulated or proven how the court's ruling in excusing venirepersons Reynolds and Lunsford for cause was prejudicial. We will not reverse the trial court's rulings unless the defendant demonstrates the selected jury was not composed of competent, qualified and unbiased jurors. *State v. Williams*, 807 S.W.2d 200, 202 (Mo. App.1991). There has been no showing the selected jurors were incompetent or partial. The trial court did not abuse its discretion for excusing venirepersons Reynolds and Lunsford.

▪ In his second point, Brown contends the trial court abused its discretion by granting the state's motion in limine to exclude the testimony of Thomas Vonnedo. He asserts Vonnedo would have testified that on the night of the robbery, he overheard another person, other than the defendant, discussing a robbery similar to the one involving Brown. Brown sought to inject the possibility another man may have committed the robbery.

The trial court has broad discretion in admitting or excluding evidence. *State v. Clark*, 859 S.W.2d 782, 787 (Mo.App.E.D. 1993). We will not disturb the ruling unless there is a clear abuse of discretion. *Id.*

During the offer of proof, Vonnedo testified he was sitting in a car with his friend at a Cut–Mart store listening to music. He overheard a conversation coming from the car next to him discussing a robbery. He testified he heard one person say, "We robbed somebody." He then heard another person respond, "Man, y'all are dumb. Y'all robbed somebody for ten or twenty dollars[.]" Vonnedo also testified he saw a cigarette case that was taken in the course of the robbery. The trial court excluded the testimony because it did not contain a close enough relationship to the facts of this case.

▪ Brown did not address the hearsay objection or argue the out-of-court state-

ments were relevant for anything other than the truth of the matter asserted. Aside from the serious hearsay problems, evidence which has no other effect than to cast a bare suspicion on another person or to raise a conjectural inference that another person committed the charged crime is inadmissible. *Clark,* 859 S.W.2d at 787–788. The evidence must directly connect the other person to the crime so as to implicate someone besides the accused as the guilty person. *Id.* at 788.

Here, Vonnedo did not know who made the statements he overheard. He did not know who may have been robbed, or when. He could not see the people whose conversation he overheard. His testimony would have been purely conjectural. It offered no direct link to the charged robbery, whereas the evidence against Brown was substantiated by several possible eye-witnesses who identified Brown as one of the men who committed the robbery that night. The trial court did not err in excluding Vonnedo's testimony.

■ In his last point, Brown asserts his counsel was ineffective for failing to ask for relief after objecting to a jury panel that contained no black jurors. We review a Rule 29.15 motion for post conviction relief in accord with *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987).

■ Brown has failed to allege or demonstrate how he was prejudiced by an all white jury panel. Brown's implied premise is completely conjectural. Counsel is not ineffective for failing to pursue an objection which would have been without merit and overruled. *See State v. Smith,* 824 S.W.2d 127, 131 (Mo.App.1992).

We affirm.

REINHARD, P.J., and CRANDALL, J., concur.