STATE of Missouri, Respondent,

v.

Diane WENDLETON, Appellant.

Diane WENDLETON, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 19469, 20685.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 29, 1996.

Emmett D. Queener, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Jill C. LaHue, Assistant Attorney General, Jefferson City, for respondent.

MONTGOMERY, Chief Judge.

A jury found Diane Wendleton (Defendant) guilty of passing a bad check, in violation of § 570.120, RSMo Supp.1992, and assessed her punishment at a fine of $1,000. The trial court entered judgment per the verdict. Defendant brings appeal No. 19469 from that judgment.

While that appeal was pending, Defendant filed a motion under Rule 29.15.[1] The motion court dismissed the motion for failure to prosecute. Defendant brings appeal No. 20685 from that order.

We consolidate the appeals, Rule 29.15(*l* ), but address them separately in this opinion.

*Appeal No. 19469*

The first three of Defendant's five points relied on pertain to this appeal. Defendant claims the trial court erred in (1) denying her motion to suppress her in-court identification, (2) overruling her motion for continuance, and (3) denying her request to sign her name before the jury and submit her signature as demonstrative evidence. We affirm.

The sufficiency of the evidence to sustain Defendant's conviction is not disputed. The facts, viewed in the light most favorable to the verdict, are as follows: Robyn Brawley, an office clerk at the Town and County Supermarket in Ironton, Missouri, cashed a $186.12 check on January 28, 1993, for a woman she later identified as Defendant. The check, made payable to the supermar-

---

1. Rule references are to Missouri Rules of Court (1994). That is true because Defendant was sentenced on March 21, 1994, and filed her Rule 29.15 motion on July 22, 1994. The 1996 version of Rule 29.15(m) provides that in such circumstances, postconviction relief is governed by the version of Rule 29.15 in effect when the motion for postconviction relief was filed.

ket, was drawn on the Bank of the Lead Belt and contained Defendant's name on the signature line. Brawley testified she initialed the check and cashed it after observing that Defendant was intoxicated, disoriented, clumsy, and nervous. After the check was dishonored, Brawley gave a description that matched Defendant to the deputy sheriff investigating the case.

A Bank of the Lead Belt official testified that Defendant's checking account was closed on June 1, 1992, because she was repeatedly on the overdraft list. At that time the bank notified Defendant that her checking account had been closed. Defendant never contacted the bank about her closed account and never reported that any of her checks had been stolen.

Defendant's evidence consisted of her testimony in which she denied writing the check and the testimony of Bruce Scott, a handwriting expert. He testified that the results of his analysis of Defendant's handwriting compared with the signature on the check were inconclusive. He also agreed that intoxication can change the appearance of a person's signature.

Defendant's first point claims that the trial court erred in denying her motion to suppress her in-court identification because the denial violated her due process right in that "the identification was unreliable due to the overly suggestive nature of the identification procedure used for the out-of-court identification which tainted Brawley's in-court identification."

We first observe that the record contains no evidence concerning the procedures used by the deputy sheriff in the photographic lineup presented to Brawley which allegedly tainted her in-court identification of Defendant. The unusual circumstances behind this claim of error must be set forth in some detail.

Defendant's motion to suppress, filed the morning trial commenced, was discussed during a pretrial hearing. During these discussions Defendant's counsel asserted that the previous day she had learned about a photographic lineup which was viewed by Robyn Brawley. Defendant's counsel stated that she lacked information to determine if the photographic lineup was suggestive in a manner making the in-court identification tainted. After stating that she had not seen the deputy sheriff's "notes" on the photographic lineup, she requested the opportunity to "see" them.

The prosecutor responded that he had just learned about the photographic lineup, that Brawley could identify Defendant without the use of any photographs, and he did not intend to offer any photographs in evidence or call the deputy sheriff to testify.

Based on Defendant's request, the trial court granted permission for Defendant's counsel to interview the deputy sheriff and view his notes. The court asked Defendant's counsel if she intended to offer evidence on the motion to suppress, and she said, "Well, no, Your Honor. I would like to take a look at the notes that have been prepared." Later, during the pretrial hearing, the court agreed to take the motion to suppress with the case.

Subsequently, Defendant's counsel talked to the deputy and viewed his notes. However, neither side called the deputy to testify. No photographs were introduced in evidence, and Brawley identified Defendant as the person passing the check without mention of viewing any photographs.

In a bench conference concerning Brawley's identification testimony, Defendant's counsel objected to "any in-court identification as the product of an improper and overly suggestive [prior] identification."

■ We conclude that Defendant has failed to preserve this claim of error for our review in at least two ways. First, Defendant's point only refers to the erroneous denial of her motion to suppress. A ruling on a motion to suppress may not be asserted as a ground of error on appeal. *State v. Norton,* 904 S.W.2d 265, 271 (Mo.App.1995). This is because the motion to suppress and the admission of the challenged evidence are two distinct procedures. *Id.* A defendant is not damaged by the evidence sought to be suppressed until it is admitted in evidence. *Id.*

Secondly, to properly preserve a challenge to identification testimony, a defendant must file a pretrial motion to suppress, object timely at trial, and include the issue in his motion for new trial. *State v. Walker,* 755 S.W.2d 404, 407 (Mo.App.1988). Here, Defendant failed to include the issue in her motion for new trial. She only alleged that the photographic lineup was not timely disclosed, that her counsel lacked sufficient time to inquire into the constitutionality of the lineup procedure and, as a result, her in-court identification should have been suppressed. Clearly, Defendant has changed her theory on appeal, and she cannot do so. *State v. Williams,* 807 S.W.2d 200, 201 (Mo. App.1991).

Under these circumstances, our review is limited to plain error. Rule 30.20. In this case plain error review is impossible. Defendant's motion to suppress alleges legal conclusions but no facts regarding the out-of-court identification of Defendant. Robyn Brawley's testimony contains no reference to any relevant evidence on this issue. The deputy who conducted the photographic lineup did not testify. Based on this record, we have no clue on what, if any, impermissibly suggestive procedures were followed which may have tainted the in-court identification of Defendant. Point I is denied.

In her next point, Defendant alleges that the trial court erred and abused its discretion in denying her motion for a continuance. Defendant claims she was prejudiced because she needed additional time to obtain the services of a second handwriting expert witness whose testimony would have likely produced a different trial result.

Five days prior to trial on January 31, 1994, Defendant filed a motion for a continuance. Her motion alleged, in pertinent part, as follows:

3. Defendant requested a handwriting analysis from Mr. Bruce Scott. The results of that analysis came back inconclusive on August 31, 1993.

4. Subsequently, defendant requested a second handwriting analysis from another expert on January 11, 1994. The results of this analysis are not yet known to the defendant.

On the morning of trial, the trial court heard arguments on this motion. Defendant's counsel stated that a second handwriting analysis from another expert witness was necessary because the first analysis was inconclusive as to whether or not Defendant signed the check in question.

The trial court overruled the motion after noting that the case was set for trial "over a hundred days ago, which would be ample time to prepare a case of this type for trial."

The decision to grant or deny a continuance rests within the sound discretion of the trial court. *State v. Gregory,* 832 S.W.2d 526, 528 (Mo.App.1992). A very strong showing is required to prove an abuse of that discretion. *Id.* Furthermore, Defendant has the burden of showing prejudice resulting from the denial of the motion. *Id.*

We find no abuse of discretion in this case because Defendant has failed to show she suffered any prejudice from the denial of her motion. Her motion reveals that on August 31, 1993, she knew her expert witness, Bruce Scott, could not conclusively testify that the signature on the check did not belong to her. Defendant waited to obtain the services of another expert witness until twenty days before trial. Whether that person would have agreed or disagreed with Mr. Scott is sheer speculation at this point. To argue here that the testimony of a second expert witness would have potentially altered the outcome of this case goes far afield from anything revealed by the record. Point II is devoid of merit.

Defendant's third point asserts that the trial court erroneously denied her request to sign her name before the jury and submit her signature to the jury for comparison to the signature on the check.

During Defendant's direct examination, her counsel asked the court to allow Defendant to sign her name on blank paper in front of the jury and submit that signature to the jury for comparison with the signature on the check. The trial court sustained the State's objection based on the lack of probative value of such demonstrative evidence.

Demonstrative evidence is admissible if it (1) establishes a fact at issue, (2) throws light on the issue, or (3) aids the jury in arriving at the correct verdict. *State v. Nyhuis,* 906 S.W.2d 405, 409 (Mo.App.1995). The trial court has broad discretion to determine admissibility of demonstrative evidence. *State v. Padberg,* 723 S.W.2d 43, 45 (Mo.App. 1986).

The trial court rejected the proposed evidence because it was undisputed that the check writer was intoxicated at the time in question, and Bruce Scott testified that intoxication can change a person's handwriting. The court observed that Defendant was sober during her testimony. Inferably, the trial court determined that Defendant's signature made before the jury would not shed light on a valid comparison with the signature of an intoxicated person.

Under Defendant's own evidence, her signature as a sober person does not properly compare with her signature as an intoxicated person. The person who signed the check in question was intoxicated, disoriented, clumsy, and nervous. Therefore, the rejected evidence could not aid the jury in arriving at the correct verdict.

We find no abuse of discretion. Point denied.

### *Appeal No. 20685*

Defendant's two remaining points relied on relate to this appeal. We address only the dispositive point which claims that the motion court erred in denying Defendant's Rule 29.15 motion without appointing counsel because she filed her *pro se* motion *in forma pauperis* along with an affidavit of her indigency.

Rule 29.15(e) provides that "[w]hen an indigent movant files a pro se motion, the court shall cause counsel to be appointed for the movant." The State agrees that Defendant, as an indigent, filed a *pro se* motion but no counsel was appointed for her. Accordingly, the State submits that this Court should remand the case for appointment of counsel and for further proceedings under Rule 29.15. We agree. *See Fields v. State,* 572 S.W.2d 477, 482–83 (Mo. banc 1978) (holding that appointed counsel is required after an indigent movant files a *pro se* motion under Rule 27.26, now repealed).

The judgment of conviction in No. 19469 is affirmed. The order dismissing Defendant's Rule 29.15 motion in No. 20685 is reversed and the cause is remanded for further proceedings under Rule 29.15 consistent with this opinion.

CROW, P.J., and PARRISH, J., concur.