Allen G. TATE, Appellant,

v.

STATE of Missouri, Respondent.

No. 72003.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 10, 1998.

S. Paige Canfield, Asst. Public Defender, St. Louis, for appellant.

1. All statutory references are to RSMo 1994, unless otherwise noted.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Movant appeals denial of Rule 24.035 post conviction relief without an evidentiary hearing. His points on appeal contest: (1) whether the plea court had a sufficient factual basis to accept a guilty plea on the charge of stealing third offense, a class C felony; and, (2) whether the court honored the plea agreement. We affirm.

■ We summarily reject the contention the court did not have a factual basis to accept the guilty plea. Defendant informed the court that he "appropriated clothing in the possession of Famous–Barr without consent and with the purpose to deprive the victim thereof, after having been convicted twice before of the offense of stealing." Defendant made this statement with the assistance of counsel. He acknowledged, under oath, that he understood the statements he made in the petition and they were true and accurate. Thus, the requirement of Rule 24.02(e) was fully satisfied by a statement of defendant in his petition to enter guilty plea.

■ Movant alleged in his motion that he entered the guilty plea in accord with a plea bargain. It was agreed the sentence would be made concurrent in the Circuit Court case # 95CR5575, with a previous sentence in the Circuit Court case # 92CR5961. After the court sentenced movant it asked whether the sentence imposed "was ... a result of a plea bargain agreement that was reached between [movant's] attorney and the prosecuting attorney?" Movant acknowledged that it was and that the sentence was in accord with the agreement. The relevant portion of the sentence was:

> [I]t's the judgment of this Court that defendant is sentenced to serve a term of imprisonment of five years in the custody of the Department of Corrections for the offense of stealing third offense, a Class C felony. This sentence is to be served concurrently with the sentence imposed in cause 92CR–5961.

The State agrees, "[T]he record indicates that appellant bargained for, and received a sentence of five years which was to run concurrently with the sentence in 92CR5961." It argues movant's complaint is not recognizable because it "is not with the *imposition* of the sentence by the trial court, but with the *implementation* of the sentence by the Department of Corrections; indeed, the relief appellant seeks is to have the Department of Corrections carry out the sentence imposed by the trial court." The parties agree that there was a plea agreement for a concurrent sentence, and the State argues, the agreement was fully honored when the court imposed a concurrent sentence. The State's argument is tenable only if, as a matter of fact and law, the sentence bargained for is legally valid and enforceable. There is no suggestion or contention that the concurrent sentence is defective or that it was unavailable as a matter of law. Accordingly, if not entitled to post conviction relief under Rule 24.035, movant is entitled to ministerial relief. *See, Glasscock v. State,* 934 S.W.2d 22, 22 (Mo.App. E.D.1996). Only if there is a legal reason why the concurrent sentence is unlawful or unenforceable would the allegation the plea was involuntary be cognizable and a hearing required.

We accept the premise of the state's argument that the concurrent sentence in cause # 95CR5575 is lawful and enforceable. If the Department of Corrections refuses to honor the judgments of the trial court and motion court, movant has a remedy, which, presumably the State would not oppose, but it is not by Rule 24.035. On that basis we hold that the judgment of the motion court, which was also the plea court, was supported by findings of fact and conclusions of law, and not clearly erroneous. Rule 24.035(k); *Hamilton v. State,* 865 S.W.2d 374, 375 (Mo. App. E.D.1993).

We affirm.

AHRENS, P.J., and CRANDALL, J., concur.