Steven WRIGHT–EL, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 76009.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 14, 1999.

Jennifer S. Walsh, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun J. Mackelprang, Asst. Atty. Gen., Jefferson City, for respondent.

Before GARY M. GAERTNER, P.J., PAUL J. SIMON, J., and JAMES R. DOWD, J.

*MEMORANDUM DECISION*

PER CURIAM.

Steven Wright–El was charged by information with the Class C felony of stealing, third offense, in violation of Sections 570.030 and 570.040 RSMo 1994. Pursuant to plea negotiations, Mr. Wright–El pled guilty, the state withdrew its sentencing recommendations, and Mr. Wright–El

was sentenced to three years in the Missouri Department of Corrections. Mr. Wright–El's amended motion to vacate, set aside or correct judgment and sentence was denied without an evidentiary hearing. This appeal followed.

Mr. Wright–El contends that the motion court erred in denying his Rule 24.035 motion because there was no factual basis for his guilty plea. A trial court cannot enter a judgment on a guilty plea unless it determines that there is a factual basis for the plea. Rule 24.02(e). Specifically, Mr. Wright–El argues that the state failed to prove the value of the items stolen and that Mr. Wright–El actually was twice convicted of stealing prior to his plea. He also claims the state failed to prove he was represented by counsel at the time of those prior stealing convictions.

At the plea hearing, the prosecutor stated that if the case proceeded to trial, the state would prove that Mr.Wright–El appropriated two video cassette recorders without the consent of their owner with the purpose to deprive their owner of those items. The prosecutor also stated that it would prove that Mr. Wright–El was previously convicted of stealing on two separate occasions, once on May 4, 1993 and once on July 16, 1986. The trial court asked, "Is this what you are pleading guilty to, Mr. Wright?" and "Do you accept responsibility for all the prosecutor has alleged here?" To both of these questions, Mr. Wright–El responded "Yes, sir."

The value of an item stolen is not an element of stealing, third offense. Section 570.040. In terms of the factual basis for this crime, *Tate v. State*, 961 S.W.2d 907 (Mo.App. E.D.1998), is directly on point. In *Tate*, the defendant informed the court that he "appropriated clothing in the possession of Famous–Barr without consent and with the purpose to deprive the victim thereof, after having been convicted twice before of the offense of stealing." *Id.* at 908. He acknowledged that he understood that statements and that they were true and accurate. This formed a sufficient factual basis to fulfill the requirement of Rule 24.02(e). *Id.*

In this case, the similar facts alleged by the prosecutor and acknowledged by Mr. Wright–El also provide a sufficient factual basis to satisfy Rule 24.02(e). Mr. Wright–El contends, however, that the state did not prove that he was represented by counsel at the time of the prior convictions. A movant is only entitled to an evidentiary hearing when: the motion alleges facts, which if true, would warrant relief; the facts are not refuted by the record; and the matters complained of resulted in prejudice to the movant. *Burroughs v. State*, 773 S.W.2d 167, 169 (Mo. App.1989). At the plea hearing, in his postconviction motion, and in this appeal, Mr. Wright–El never alleged that he was not represented by counsel at the time of his two prior convictions; neither has he ever alleged that these convictions were invalid in any way. Therefore, he has not shown that he was damaged by the prosecution's failure to prove that he was represented by counsel at the time of the earlier convictions. Point denied.

Mr. Wright–El also contends that the motion court erred in denying his 24.035 motion because his plea counsel was ineffective for failing to object to the state's failure to demonstrate a factual basis for Mr. Wright–El's guilty plea. Counsel is not ineffective for failing to pursue an objection which would have been without merit and overruled. *State v. Brown*, 916 S.W.2d 420, 423 (Mo.App. E.D.1996). Point denied.

The judgment is affirmed pursuant to Rule 84.16(b).