# United States Court of Appeals

## For the Eighth Circuit

———————————————

No. 21-2335

———————————————

Jane Doe

*Plaintiff - Appellee*

v.

The Estate of Joshua Q. Eckerson, Individually; Harrison County

*Defendant*s

Lisa Worrell, Individually

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Western District of Missouri - St. Joseph

——————————

Submitted: February 18, 2022
Filed: June 28, 2022

——————————

Before SMITH, Chief Judge, BENTON and KELLY, Circuit Judges.

——————————

BENTON, Circuit Judge.

Jane Doe alleged that Joshua Q. Eckerson, then Sheriff of Harrison County, Missouri, forced her into a sexual relationship that included giving her drugs,

directing her to sell them, and protecting her from prosecution. After Doe ended the relationship, Eckerson pursued criminal charges against her, resulting in felony convictions.

Lisa Worrell was Doe's probation officer. According to Doe, Worrell invited Eckerson to her probation meetings, where Eckerson threatened Doe not to disclose the relationship. Doe asserted a state claim against Lisa Worrell for intentional infliction of emotional distress (in addition to claims against the Estate of Joshua Q. Eckerson, who died in 2020). Worrell moved to dismiss based on official immunity and a "statutory" immunity under subsection 105.711.5, RSMo 2016. For her defense of statutory immunity, Worrell asserted that subsection 105.711.5 bars individual-capacity claims against state employees, such as herself. The district court[1] held that section 105.711 "applies to *final judgments*" and therefore does not bar Doe's claim against Worrell. It also denied the motion based on official immunity. Worrell appeals only the denial of statutory immunity. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

This court reviews *de novo* the issues of law in the denial of an immunity defense. *See **Div. of Emp. Sec. v. Bd. Of Police Comm'rs**, 864 F.3d 974, 978 (8th Cir. 2017) (reviewing a state-immunity denial).

Worrell urges this court to find statutory immunity in a 2005 amendment that added this language to subsection 105.711.5:

> In the case of any claim or judgment against an officer or employee of the state or any agency of the state based upon conduct of such officer or employee arising out of and performed in connection with his or her official duties on behalf of the state or any agency of the state that would give rise to a cause of action under section 537.600, the state legal expense fund shall be liable, excluding punitive damages . . . . The state legal expense fund shall be the exclusive remedy and shall preclude any

---

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri

other civil actions or proceedings for money damages arising out of or relating to the same subject matter against the state officer or employee, or the officer's or employee's estate. *No officer or employee of the state or any agency of the state shall be individually liable in his or her personal capacity for conduct of such officer or employee arising out of and performed in connection with his or her official duties on behalf of the state or any agency of the state.*

**§ 105.711.5, RSMo 2016** (emphasis added).

Worrell acknowledges that no Missouri court has interpreted section 105.711 to bar suits against state employees in their individual capacities. Worrell invokes the rule against surplusage to argue that the italicized sentence in the 2005 amendment provides statutory immunity to state employees. *See **McAlister v. Strohmeyer***, 395 S.W.3d 546, 552 (Mo. App. 2013) (in interpreting statutes, attempt to give "[e]ach word or phrase in a statute . . . meaning if possible"), *quoting **State v. Blocker***, 133 S.W.3d 502, 504 (Mo. banc 2004). Worrell also argues that the 2005 amendment provides statutory immunity to state employees equal to the sovereign immunity of the state of Missouri. She bases this equality on the 2005 amendment's references to section 537.600, RSMo (waiving state sovereign immunity for the torts of negligent operation of a motor vehicle or a dangerous condition on public property), and section 537.610, RSMo (barring punitive damages against the state). *See **Doe v. St. Louis Cmty. College***, 526 S.W.3d 329, 337 (Mo. App. 2017) ("[I]f the statutory language is unclear from consideration of the statute alone, a court 'should interpret the meaning of the statute *in pari materia* with other statutes dealing with the same or similar subject matter.'"), *quoting **Union Elec. Co. v. Director of Revenue***, 425 S.W.3d 118, 122 (Mo. banc 2014).

To the contrary, by its plain text, section 105.711 does not create a new immunity. The word "immunity" does not appear in section 105.711. Rather, section 105.711 establishes the state legal expense fund (SLEF):

Moneys in the state legal expense fund shall be available for the payment of any claim or any amount required by any final judgment

-3-

rendered by a court of competent jurisdiction against: . . . Any officer or employee of the State of Missouri . . . upon conduct of such officer or employee arising out of and performed in connection with his or her official duties on behalf of the state.

**§ 105.711.2(2), RSMo**. The SLEF is "merely a voluntary assumption of defense and payment of judgments or claims." *Missouri ex rel. Cravens v. Nixon*, 234 S.W.3d. 442, 447 (Mo. App. 2007). "All payments" from the SLEF must be approved by the Missouri attorney general. **§ 105.711.5, RSMo** (first sentence).

The 2005 amendment also amended section 105.726 to add: "Sections 105.711 to 105.726 do not waive the sovereign immunity of the State of Missouri." **§ 105.726.1, RSMo**. Construing the additions to subsection 105.711.5 and subsection 105.726.1 together, the 2005 amendment preserves immunities already in place for the State and its employees, and it does not create a new, statutory immunity. *See R.M.A by Appleberry v. Blue Springs R-IV School Dist.*, 568 S.W.3d 420, 429 (Mo. banc 2019) ("The provisions of a legislative act are not read in isolation but construed together, and if reasonably possible, the provisions will be harmonized with each other."), *quoting Bachtel v. Miller Cty. Nursing Home Dist.*, 110 S.W.3d 799, 801 (Mo. banc 2003). *See also Erlenbaugh v. United States*, 409 U.S. 239, 244 (1972) (construing statutes *in pari materia* "makes the most sense when the statutes were enacted by the same legislative body at the same time.").

Statutory history confirms that the Missouri General Assembly did not adopt a new statutory immunity. *See Doe*, 526 S.W.3d at 337 ("[C]ourts may turn to legislative history to review the earlier versions of the law."). The legislature rejected a provision that no employee would be "personally liable in *any civil action* brought against them in courts . . . *for conduct arising out of and in connection with their official duties* on behalf of the state, whether or not such acts are ministerial or discretionary." **S. 220**, 93rd Gen. Assemb., 1st Reg. Sess. (Mo. 2005), *available at* https://www.senate.mo.gov/05info/pdf-bill/perf/SB220.pdf (last visited June 3, 2022) (emphasis added) (provision that passed Senate); **S. 420**, H.R. Journal, 93rd Gen. Assemb., 1st Reg. Sess., 1751-54 (Mo. 2005), *available at*

https://www.house.mo.gov/billtracking/bills051/jrnpdf/jrn073.pdf#page=19 (last visited June 3, 2022) (House passing same provision). The legislature did not include this provision in the final version of the 2005 amendment that passed both chambers and was signed into law. **S. 420**, 2005 **Mo. Laws** 1483-84.

Regardless, Worrell asks this court to predict that the Missouri Supreme Court would find statutory immunity in subsection 105.711.5. *See **Brill v. Midcentury Ins. Co.***, 965 F.3d 656, 659 (8th Cir. 2020) (when the Missouri Supreme Court has not spoken on an issue, the district court must "predict how it would decide the issue" considering "relevant state precedent, analogous decisions, considered dicta . . . and any other reliable data"). Worrell relies on the Missouri Supreme Court's statement that subsection 105.711.5 "reinforces the SLEF's purpose to protect state employees by limiting the circumstances in which they may be sued and held liable for conduct arising out of and in connection with their official duties." ***Laughlin v. Perry***, 604 S.W.3d 621, 632 (Mo. banc 2020).

But the *Laughlin* opinion contradicts Worrell's argument. The Missouri Supreme Court rejected the argument that the SLEF "creates blanket immunity for all state employees." ***Id.*** at 633. Instead, the SLEF's "protection from personal liability for a judgment differs significantly from a suit being initiated. Protection from personal liability still subjects a public [employee] to all of the burdens of litigation." ***Id.*** The Missouri Supreme Court reasoned that if coverage by the SLEF precluded state employees from an official immunity defense, then the state employees would still be subject to burdens of litigation other than judgments for money damages. ***Id.*** If a state employee had the "protection from personal liability for damages under the SLEF" but did not have official immunity, then "the benefits of immunity from suit would be lost." ***Id.*** *See **Nash v. Folsom***, 2021 WL 4844005, at *3, *4 (E.D. Mo. Oct. 18, 2021) (citing *Laughlin v. Perry* to conclude that the SLEF "does not bar the underlying claims themselves" and to receive "such immunity from suit" the defendant "would have to invoke the defense of official immunity."). In *Laughlin*, the Missouri Supreme Court recognized that section 105.711 does not create a new immunity.

*******

The order denying the motion to dismiss is affirmed, and the case remanded for further proceedings consistent with this opinion.

_____