In re Catherine BEYERSDORFER, Incapacitated and Disabled.

Gloria Kupneski, Respondent,

v.

Peter Beyersdorfer, Appellant.

No. SC 83953.

Supreme Court of Missouri, En Banc.

Nov. 20, 2001.

James C. Thompson, Richmond, MO, for appellant.

John R. Shank, Philip Willoughby, Kansas City, MO, for respondent.

PER CURIAM.[1]

■ The Circuit Court of Clay County found that Catherine Beyersdorfer was totally incapacitated and disabled. The court appointed her mother, Gloria Kupneski, as guardian and conservator of the estate. Catherine's husband, Peter Beyersdorfer, appeals.[2] Reversed and remanded.

## I.

From 1990 to 2000, the Beyersdorfers resided in the city of Lawson, Ray County. On February 1, 2000, Catherine was seriously injured in Clay County.

In March, Peter rented a two-bedroom apartment in Clay County, in order to be closer while Catherine was hospitalized. Peter signed a one-year lease in both his and Catherine's names. Peter moved most of the couple's belongings to Clay County, but left some clothes, a bed, and a television at the Ray County residence. He did not disconnect the utilities there, where he stayed two or three times a week. After heated arguments among the family, Peter acquiesced in Catherine staying with her mother in Clay County when she first left the hospital. At the time of filing this appeal, both Peter and Catherine were living at home in Ray County.

On April 5, Mother sought appointment as Catherine's guardian/conservator, in the Circuit Court of Clay County. Mother alleged that Catherine was domiciled in Clay County, though currently "in the custody of the Mid–America Rehabilitation Institute in Overland Park, Kansas."

On April 19, Peter applied to be Catherine's guardian/conservator in the Circuit Court of Ray County. Peter alleged Catherine was domiciled in Ray County. On May 3, Peter filed, in Clay County, to transfer that case to Ray County.

The Clay County court denied Peter's motion. It found—when the application was filed—Catherine was domiciled in Ray County, but had personal property in Clay County. The court ruled venue proper in

---

1. The Court of Appeals, Western District, originally decided this appeal in an opinion by the Honorable Edwin H. Smith. This Court then transferred the appeal. *Mo. Const. art. V, sec. 10.* Parts of the court of appeals opinion are incorporated without further attribution.

2. Mother moves to dismiss this appeal, citing section 512.020, and alleging that Peter is not a party to a suit and cannot appeal. To the contrary, Peter, as a spouse, has standing to appeal. See *In re Moehlenpah,* 763 S.W.2d 249, 255 (Mo.App.1988); *State ex rel. Pope v. Lisle,* 469 S.W.2d 841, 843 (Mo.App.1971).

both counties under section 475.035.1.[3]

Peter stipulated to appointing Mother as Catherine's guardian, but contested her appointment as conservator. Finding Mother qualified, the court appointed her guardian and conservator.

## II.

■ Review of the appointment of a guardian or conservator is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The judgment of the court is affirmed unless: (1) no substantial evidence supports it; (2) it is against the weight of the evidence; or (3) it erroneously declares or applies the law. *Id.*

■ Peter claims that the Clay County court should have transferred the guardianship/conservatorship to Ray County. *Section 475.040.* Venue of the appointment of a guardian/conservator is governed by section 475.035.1:

The venue for the appointment of a guardian or conservator shall be:

(1) In the county in this state where the minor or alleged incapacitated or disabled person is domiciled; or

(2) If the minor or alleged incapacitated or disabled person has no domicile in this state, then in the county in which the minor or alleged incapacitated or disabled person actually resides, or if he or she does not reside in any county, then in any county wherein there is any property of the minor or alleged incapacitated or disabled person; or

(3) In the county, or on any federal reservation within the county, wherein the minor or alleged incapacitated or disabled person or his or her property is found; or

(4) In a county of this state which is within a judicial circuit which has prior and continuing jurisdiction over the minor pursuant to subdivision (1) of subsection 1 of section 211.031, RSMo.

The Clay County court ruled that the statute provides alternative venues, with no preference for one county over another. Thus, this appeal turns on the interpretation of section 475.035.1.

■ Construing statutes, this Court ascertains the intent of the legislature from the language used, and gives effect to that intent. *Wollard v. City of Kansas City*, 831 S.W.2d 200, 203 (Mo. banc 1992). Legislative intent is determined from the plain and ordinary meaning of the terms in the statute. *Id.* When interpreting statutes, this Court harmonizes all provisions if possible. *Id.*

Subdivision (1) of section 475.035.1 authorizes venue where the alleged incapacitated/disabled person is domiciled. Subdivision (2) begins, "*If* the minor or alleged incapacitated or disabled person has *no* domicile in this state, then...." *Section 475.035.1(2)* (emphasis added). "If" expresses a condition or limitation. *Robnett v. Ashlock*, 49 Mo. 171, 175 (1872). The legislature intended that, if the alleged incapacitated/disabled person is domiciled in a county, venue is in that county and subdivision (2) does not apply. *Section 475.035.1.*

Subdivision (2) next provides that "*if* [the alleged incapacitated/disabled person] does not reside in any county, *then* [venue is] in any county wherein there is any property of the minor or alleged incapacitated or disabled person." *Section 475.035.1(2)* (emphasis added). Thus, the legislature intended that residence trump the location of property.

---

**3.** All statutory references are to RSMo 2000,  unless otherwise indicated.

Potential ambiguity arises in subdivision (3), on which the Clay County court relied. Subdivision (3) lacks "if ... then" language. In isolation, subdivision (3) appears to subsume subdivisions (1) and (2), authorizing venue anywhere the incapacitated/disabled person is found, or has property–regardless of domicile or residence.

■ In construing an ambiguous statute, this Court presumes that the legislature did not intend an absurd and illogical result. *State ex rel. Maryland Heights Fire Prot. Dist. v. Campbell*, 736 S.W.2d 383, 387 (Mo. banc 1987). It would be illogical and absurd if subdivisions (1) and (2) create a hierarchical order, which is then contradicted by (3). It would be illogical and absurd if subdivision (3) creates venue anywhere persons or their property were found, when subdivisions (1) and (2) set the pecking order of domicile, residence, and then property.

Mother argues that the legislature did not create a hierarchy in section 475.035.1, because it placed "or" between each subdivision. *1983 Mo. Laws 867.* Unlike the statute in *State ex rel. Watts v. Hanna*, 868 S.W.2d 549, 551–52 (Mo.App.1994), section 475.035.1 expressly establishes a hierarchy for venue, not equally available alternatives. Mother invokes *In re Estate of Potashnick*, 841 S.W.2d 714 (Mo.App. 1992), which is inapposite as it did not involve competing venues within Missouri.

Finally, Mother cites the 1999 amendment adding subdivision (4), creating venue as to minors. Mother contends that this subdivision does not fit a hierarchical scheme. This Court need not address the precise reach of subdivision (4) because no minors are involved in this case.

■ In sum, venue for appointment of a guardian/conservator is: (1) in the county of domicile; (2) if no domicile exists in Missouri, in the county of actual residence; (3) if no domicile or actual residence exists in Missouri, in any county where property is found; (4) if no domicile, actual residence, or property exists in Missouri, in any county where the alleged incapacitated/disabled persons or their property are found. *Section 475.035.1(1)-(3).*[4]

■ The Clay County court found that Catherine's domicile was Ray County when the petition was filed. It therefore had authority only to transfer the case to Ray County. *Keltner v. Keltner*, 950 S.W.2d 690, 691 (Mo.App.1997); see also *State ex rel. Ford Motor Co. v. Westbrooke*, 12 S.W.3d 386, 390 (Mo.App.2000); *State ex rel. Quest Communications Corp. v. Baldridge*, 913 S.W.2d 366, 368 (Mo.App. 1996); *State ex rel. Drake Publishers, Inc. v. Baker*, 859 S.W.2d 201, 203 (Mo.App. 1993). All further proceedings were nullities. *Ford Motor Co.*, 12 S.W.3d at 390; *Neosho R–V School Dist. v. McGee*, 979 S.W.2d 537, 540 (Mo.App.1998).[5]

### III.

The judgment of the Circuit Court of Clay County is reversed, and the case remanded for the sole purpose of transferring it to the Circuit Court of Ray County.

All concur.

---

4. No issue is raised in this case as to subsections 475.035.2 or 475.040.

5. Mother's motion to dismiss based on Peter's alleged consent to her appointment as guardian (but not conservator) is overruled, because it occurred during void proceedings.