WILLIAM H. CRANDALL, JR., Judge.
Defendants, Normandy School District and members of the Normandy School District Board of Education, appeal from the trial court’s grant of summary judgment in favor of plaintiffs, in an action *825 involving section 165.016 RSMo.2000. We reverse and remand.
In 1996, the Missouri Legislature enacted section 165.016. The statute requires public school districts to expend a defined percentage of its current operating cost for tuition, teacher retirement and compensation for certificated staff. Section 165.016.1. For the 1994-95 and 1995-96 school years, a district’s required expenditures were to be not less than three percent less than the base school year certificated salary percentage (hereafter base year percentage) and for the 1996-97 school year not less than two percent less than the base year percentage. Id. The base year percentage is calculated from the two-year average percentage for the 1991-92 and 1992-93 school years “except as otherwise established by the state board under subsection 4 [of section 165.016].”[1] Id. Under subsection 4, the State Board of Education (hereafter State Board) may exempt a school district from the requirements of section 165.016 upon receiving a request from a district. Section 165.016.4(1). The exemption shall apply for one year but requests for exemptions under subdivision 1 of subsection 4 may be resubmitted in succeeding years. Id. A school district may also request a one-time permanent revision. Section 165.106.4(2). A school district requesting an exemption or revision under subsection 4 must notify the certified staff of the district in writing of the “district’s intent.” Section 165.016.5. Prior to granting an exemption or revision, the State Board must consider comments from the school district’s certified staff. Id. Subsection 5 also states that “[t]he state board decision shall be final.” Id. If a school district fails to make the required expenditures, that district “shall compensate the building-level administrative staff during the year following the notice of violation by an additional amount which is equal to one hundred ten percent of the amount necessary to bring the district in compliance with this section for the year of violation.” Section 165.016.6.
The base year percentage for Normandy School District (hereafter District) was originally calculated at 72.56 percent. On October 8, 1996, the Missouri Department of Elementary and Secondary Education (hereafter DESE) notified the District that its certificated salary percentage for the 1994-95 school year was 69.38 percent, which was 3.18 percent lower than its base year percentage. The notice provided a “FORMULA FOR CALCULATING PENALTY WHEN % BELOW BASE YEAR IS GREATER THAN 3%.” The final line of the formula states, “Penalty amount to be paid in 1996-97 or 1997-98 if no waiver or other revision is approved by the staff or the State Board of Education.” Approximately two months later, the District requested that DESE exclude a National Science Foundation Grant from the calculation of its certificated salary percentage for 199.4-95. In a January 23, 1997 letter, Robert E. Bartman, Commissioner of Education, acknowledged the District’s request to exclude the grant from the 1994-95 certificated salary compliance calculation. The letter stated that the “result of that adjustment” was that the District’s certificated salary percentage for 1994-95 was 69.83 percent. The *826 letter continued that the District was therefore in compliance for 1994-95 because 69.83 percent was not more than three “percentage points” below the base percentage of 72.56 percent.
On May 7, 1997, DESE notified the District that its certificated salary percentage for 1995-96 was 68.21 percent, which was 4.35 percent lower than it base year percentage. On March 27, 1998, DESE notified the District that its certificated salary percentage for 1996-97 was 66.36 percent, which was 6.2 percent less than its base year percentage. As with the notice for the 1994-95 school year, the notices for 1995-96 and 1996-97 set forth a formula to calculate the penalty. On May 19, 1998, the District requested that the State Board grant it a revision of its base year percentage because of its financial condition during the base years 1991-92 and 1992-93. The District also requested that the State Board grant it a waiver for 1996— 97 because “of the instability of the leadership in the business office during that period, no consideration for certificated salary compliance was included in the development of the budget during the fiscal year.”[2]
Approximately three months later, Normandy National Education Association and its president and vice-president, Nick Mason and Laura Johnson, brought a declaratory judgment action against defendants. Plaintiffs alleged that the District failed -to comply with section 165.016 for 1994 — 95, 1995-96 and 1996-97.
On November 19, 1998, the District filed an amended request for a base year percentage revision. The District stated that it was “clarifying” its May 19,1998 request and was seeking a permanent one-time retroactive revision of its base year percentage. On the same date, the District filed a waiver request for 1995-96 and a revised waiver request for 1996-97 that set forth additional reasons for “the potential penalty for non-compliance” with section 165.016.
Defendants filed a motion for summary judgment. Defendants argued that plaintiffs failed to join indispensable parties, the District complied with section 165.016 for 1994-95 because the National Science Foundation Grant had been excluded from its calculation of the certificated salary percentage for that year, and the claims regarding 1995-96 and 1996-97 were not ripe because the. State Board had not made a decision on the District’s application for a base year revision and waivers. After defendants filed their motion for summary judgment, the State Board revised the District’s base year percentage to 69.59 percent from the previous 72.56 percent. Thereafter, the trial court granted defendant’s summary judgment motion. Plaintiffs filed a motion for reconsideration which the court granted. On January 6, 2000, plaintiffs moved to stay the case pending the court of appeals decision in Missouri National Education Ass’n v. Missouri State Board of Education, 34 S.W.3d 266 (Mo.App. W.D.2000). Defendants did not object and the court granted the motion.
One of the issues in Missouri National Education Ass’n, was the State Board’s determination' that base year percentage revisions for certain school districts applied retrospectively. Missouri National Education Ass’n, 34 S.W.3d at 272. The court held that a school district must file for an exemption or revision “in the year following the notice of violation and the *827 State Board may grant an exemption from the requirements of section 165.016 for the preceding year or a permanent revision of the base year percentage effective for the preceding year.” Id. at 286 (emphasis added). Accordingly, the court held that the District’s May 1998 request for a permanent revision of its base year percentage was only timely for 1996-97. Id. The District was not a party in the case.
On September 25, 2002, plaintiffs filed a motion to reopen the case and for summary judgment. The trial court granted the motion. The court ordered that for noncompliance with section 165.016 the District must pay $51,824.54 for 1994-95, $415,925.40 for 1995-96, and $390,812.16 for 1996-97. The court also ordered the District to make the appropriate tax with-holdings and contributions to the Public School Retirement System, and to pay prejudgment interest of 9 percent. Defendants appeal from this judgment.
The propriety of summary judgment is an issue of law, and this court’s review is de novo. L.A.C. v. Ward Parkway Shopping Center Co., 75 S.W.3d 247, 256 (Mo. banc 2002). “Summary judgment is proper when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.” Id.
Section 165.106 states in part:
1. A school district shall expend as a percentage of current operating cost, for tuition, teacher retirement and compensation of certificated staff, a percentage that is for the 1994-95 and 1995-96 school years, no less than three percentage points less than the base school year cerifieated salary percentage and for the 1996-97 school year, no less than two percentage points less than the base school year certificated salary percentage. ... The base school year certificated salary percentage shall be the two-year average percentage of the 1991-92 and 1992-93 school years except as otherwise established by the state board under subsection 4 of this section ...
[[Image here]]
4. (1) The state board of education may exempt a school district from the requirements of this section upon receiving a request for an exemption by a school district. The request shall show the reason for the noncompliance, and the exemption shall apply for only one school year. Requests for exemptions under this subdivision may be resubmitted in succeeding years;
(2) A school district may request of the state board a one-time, permanent revision of the base school year certificated salary percentage. The request shall show the reason or reasons for the revision.
5. Any school district requesting an exemption or revision under subsection 4 of this section must notify the certified staff of the district in writing of the district’s intent. Prior to granting an exemption or revision, the state board shall consider comments from certified staff of the district. The state board decision shall be final.
6. Any school district which is determined by the department to be in violation of the requirements of subsection 1 or 2 of this section, or both, shall compensate the building-level administrative staff and nonadministrative certificated staff during the year following the notice of violation by an additional amount which is equal to one hundred ten percent of the amount necessary to bring the district into compliance with this *828 section for the year of violation. In any year in which a penalty is paid, the district shall pay the penalty specified in this subsection in addition to the amount required under this section for the current school year.
The primary rule of statutory construction is to ascertain the legislature’s intent from the language used, give effect to the intent if possible, and consider the words in their plain and ordinary meaning. Lewis v. Gibbons, 80 S.W.3d 461, 465 (Mo. banc 2002). When interpreting statutes, all provisions are harmonized if possible. In re Beyersdorfer, 59 S.W.3d 523, 525 (Mo. banc 2001).
In the first two points, defendants raise the issue of DESE’s notices of noncompliance. Defendants argue that although it received original notices of noncompliance for the three years, new notices of noncompliance were required. The failure of DESE to as plaintiffs state “renotify” the District that it was not in compliance for the three years is dispositive.
In October 1996, DESE notified the District that it was not in compliance for 1994-95. Approximately two months later, the District requested that DESE exclude a grant from its certificated salary percentage for 1994-95. In January 1997, the District was notified that the “result of that adjustment” was that the District was in compliance for 1994-95. After this notification, the District was never notified that it was not in compliance for 1994-95. In May 1997 and March 1998, DESE notified the District that it was not in compliance for 1995-96 and 1996-97, respectively. In May 1998, the District requested that the State Board grant it a base year percentage revision. In November 1998, the District filed a request for a permanent retroactive revision of its base year percentage and waiver requests for the 1995-96 and 1996-97. On April 15, 1999, the State Board granted the District a base year percentage revision. The record does not reflect whether DESE granted the District’s waiver requests. Regardless, there is no dispute that the District did not receive a new notice of noncompliance for 1995-96 and 1996-97.
Relying on the October 1996, May 1997 and March 1998 notices of noncompliance, plaintiffs argue that the District did receive notice and section 165.016 does not require DESE to “renotify” the District it was not in compliance for the three years. Plaintiffs also rely on the decisions in Missouri National Education Ass’n and Knob Noster Education v. Knob Noster R-VIII School District, 101 S.W.3d 356 (Mo.App. W.D.2003). In the latter case that involved application of section 165.016, the trial court found among other things that DESE did not have the authority to exclude grants from its calculation of the Knob Noster School District’s salary compliance figures for 1996-97 and therefore owed a penalty of $66,710.82. Knob Noster Education, 101 S.W.3d at 360. The Western District did not specifically address exclusion of grants but held that the Knob Noster School District paid more than $67,000 as a penalty for failing to comply with section 165.016 during 1996—97. Id. at 362. Plaintiffs argue that section 165.016 does not impose a “duty on DESE to inform school districts of court decisions that impact on prior notices of violation.” Plaintiffs further suggest that the District is “simply ‘stuck’ with the fact that DESE had overstepped its bounds.” We disagree.
Section 165.016 requires public school districts to expend a certain percentage of *829 their current operating costs unless the State Board grants an exemption for the year for which the exemption is sought or a one-time revision of the school district’s base year percentage.[3] Accordingly, when DESE notifies a school district that it has not made the expenditures required under subsections one or two, the school district can either compensate the appropriate staff as provided under subsection six or seek a revision or exemption. If a school district requests a revision or exemption and the request is pending or granted, new notice of noncompliance should be given.[4] This comports with the statutory scheme regarding revisions and exemptions and subsection six that provides that a school district shall compensate certain staff “during the year following the notice of violation.... ”[5] As stated by defendants, a school district should not be required to “self-assess” a penalty. This is the result that could occur if we were to accept plaintiffs’ argument that the original notices of noncompliance were sufficient. Furthermore, the court decisions relied on by plaintiffs do not satisfy the statutory requirement that a school district pay the penalty “during the year following the notice of violation.” Under the circumstances presented here, the District did not receive proper notice.
Because the District did not receive the requisite notice, plaintiffs claim was barred and plaintiffs were not entitled to judgment as a matter of law. In view of our holding, we need not address the remaining issues raised in this appeal.
The judgment is reversed and the cause remanded for further proceedings consistent with this opinion.
CLIFFORD H. AHRENS, P.J., and LAWRENCE E. MOONEY, J., Concur.

. Subsection one provides for another exception in calculating the base year percentage. "[A]ny school district experiencing, over a period of three consecutive years, an average yearly increase in average daily attendance of at least three percent, the base school year certificated salary percentage may be the two-year average percentage of the last two years of such period of three consecutive years, at the discretion of the school district.” Section 165.016.1.

. The DESE form used by the District for the waiver request refers to “the reasons or reasons for requesting an exemption/waiver of penalty for noncompliance as allowed in Section 165.016, RSMo.” (emphasis added).

.The Western District held that section 165.016 "vests the State Board with sole discretion to grant a school district an exemption or revision and to establish the revised base year percentage upon receiving from the district a request showing the reason or reasons for the exemption or revision” but the State Board’s discretion is subject to judicial review under section 536.150 RSMo.2000. Missouri National Education Ass’n, 34 S.W.3d at 280.

. A denial of a request for revision or exemption may be sufficient.

. The three notices of noncompliance provided for the penalty to be paid "if no waiver or *830 other revision is approved by the staff or the State Board of Education.”