**In re: Stephanie Suzanne BANKS, Incapacitated/Disabled.**

**No. ED 91649.**

Missouri Court of Appeals, Eastern District, Southern Division.

May 12, 2009.

Thomas L. Hoeh, Perryville, MO, for appellant.

Michael B. Dudley, Farmington, Carl D. Kinsky, Ste. Genevieve, MO, for respondents.

PATRICIA L. COHEN, Judge.

### Introduction

Kimberly Banks–Haines, sister of Stephanie Banks, appeals from the judgment of the Ste. Genevieve County Circuit Court appointing Lavaughnda J. Rayoum, aunt of Stephanie Banks, as Ms. Banks' guardian and conservator of her estate. Ms. Banks–Haines claims that the language of Mo.Rev.Stat. § 475.050.1(3) compels the trial court to appoint a sister of the incapacitated or disabled person rather than an aunt, where, as here, the trial court determines both are equally qualified to serve. We affirm.

### Background

Stephanie Banks, due to life-long mental retardation,[1] has required the constant care of others to meet her essential requirements for food, clothing, shelter, and safety. In 1988, when Ms. Banks was eighteen years old, an Indiana circuit court appointed Ms. Banks' mother and step-father as her legal guardians. In 1997, following the death of Ms. Banks' step-father, the Indiana court appointed Lavaughnda J. Rayoum, Ms. Banks' maternal aunt, as her co-guardian. At that time, Ms. Banks' resided with her mother in Indiana and Ms. Rayoum lived in Ste. Genevieve, Missouri.

---

1. We use the description of Ms. Banks' condition contained in the record.

In early 2006, Ms. Banks' mother began suffering health problems, and she moved with her daughter to Ste. Genevieve. Following the move, Ms. Rayoum cared for both Ms. Banks and her mother, handling their financial affairs, assisting with Ms. Banks' medical and psychiatric appointments, attending to their daily needs, and caring for Ms. Banks' and her mother in her home on most weekends.

In November 2007, Ms. Banks–Haines petitioned the Circuit Court of Ste. Genevieve County for appointment as Ms. Banks' guardian and conservator of her estate. In January 2008, Ms. Banks' mother and Ms. Rayoum filed an objection to Ms. Banks–Haines petition as well as a cross-petition seeking appointment as the guardian/conservator for Ms. Banks. Unfortunately, before a hearing was held, Ms. Banks' mother died. Following her mother's death, Ms. Banks resided continuously at Ms. Rayoum's home, along with Ms. Rayoum's mentally disabled sister, Katherine.

In June 2008, the trial court held a hearing on Ms. Banks–Haines' petition and Ms. Rayoum's cross-petition. At the hearing, Ms. Banks–Haines testified that, if granted guardianship and conservatorship, she intended to relocate Ms. Banks to her home in Maine, where she lived with her husband and daughter. Ms. Banks–Haines felt that she would be a fitting guardian because she did not work and Ms. Banks could spend her days at a sheltered workshop that provides social and developmental activities for handicapped individuals and is located within one-and-a-half miles from Ms. Banks–Haines' home. On cross-examination, Ms. Banks–Haines admitted that she had not visited her sister in two-and-a-half years and that she did not know the status of her sister's current medical and physical condition.

In support of her appointment as guardian and conservator, Ms. Rayoum testified about her care of Ms. Banks' medical and financial needs during the past several years. Ms. Rayoum also explained that she provides for Ms. Banks' social and recreational needs, and that Ms. Banks is employed at a local sheltered workshop, where she and other individuals with special needs are able to work and socialize. Ms. Rayoum also discussed how Ms. Banks has especially bonded with her aunt Katherine.

Following the hearing, the trial court entered its judgment appointing Ms. Rayoum as Ms. Banks' guardian and conservator of her estate. In its judgment, the trial court acknowledged that "both Petitioners are suitable and fit to act and have consented to act and the Court commends both Petitioners for their willingness to serve." In addition, the trial court noted that: "both Petitioners fall within the same priority class set forth in 475.050(3) R.S.Mo." The trial court further found that "Lavaughnda J. Rayoum has been primarily the custodian and caregiver to [Ms. Banks] for the past several years and had been appointed as co-guardian of [Ms. Banks] by the Circuit Court of Newton County, Indiana." Ultimately the trial court concluded that "based upon the evidence that [Ms. Banks] has adapted well to the current circumstances and that it would be in [her] best interests to remain in the care and custody of Petitioner, Lavaughnda J. Rayoum."

This appeal follows.

### Standard of Review

This court will affirm a trial court's judgment appointing a guardian or conservator unless: (1) no substantial evidence supports it; (2) it is against the weight of the evidence; or (3) it erroneously declares or applies the law. *In re Bey-*

*ersdorfer,* 59 S.W.3d 523, 525 (Mo. banc 2001) (citing *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976)). The decision of whom to appoint as guardian or conservator rests in the sound discretion of the trial court. *Keyser v. Keyser,* 81 S.W.3d 164, 172 (Mo.App. W.D.2002).

### *Discussion*

■ Ms. Banks–Haines claims that the trial court misapplied the law when appointing Ms. Rayoum as Ms. Banks' guardian and conservator instead of her. Specifically, Ms. Banks–Haines contends that when two competing candidates for the position of guardian/conservator are "equally qualified to serve", Mo.Rev.Stat. § 475.050.1(3) (2000) requires the appointment of the incapacitated or disabled person's "adult brother and sister" over the appointment of "other close relatives" such as an aunt.

Section 475.050.1 governs the appointment of guardians and conservators and provides in pertinent part:

Before appointing any other eligible person as guardian of an incapacitated person, or conservator of a disabled person, the court shall consider the suitability of appointing any of the following persons who appear to be willing to serve:

(1) If the incapacitated or disabled person is, at the time of the hearing, able to make and communicate a reasonable choice, any eligible person nominated by the person;

(2) Any eligible person nominated in a durable power of attorney . . . ;

(3) The spouse, parents, adult children, adult brothers and sisters and other close adult relatives of the incapacitated or disabled person;

(4) Any other eligible person . . . .

Missouri courts have acknowledged that the order of the above subparagraphs is hierarchical. *In the Matter of Mitchell,* 914 S.W.2d 844, 848 (Mo.App. S.D.1996). However, case law has also made clear that these "statutory preferences are not absolute and are subject to the sound discretion of the trial court." *In re Benson,* 124 S.W.3d 79, 83 (Mo.App. S.D.2004). Accordingly, courts have upheld the appointment of individuals falling within subordinate preference classes as compared to other qualified candidates when "the record discloses any reason whereby such an appointment would best serve the interests of the disabled or incapacitated person." *See In re Estate of Wood,* 852 S.W.2d 867, 868 (Mo.App. W.D.1993).

■ In the instant case, Ms. Banks–Haines ("adult sister") and Ms. Rayoum ("other close adult relative") both fall within the same preference class of Section 475.050.1's subparagraph 3. Ms. Banks–Haines argues that the order in which the classes of relatives are listed in subparagraph 3 indicates a legislative preference for the appointment of a disabled or incapacitated person's siblings ("adult brothers and sisters") over a maternal aunt ("other close relative"). Initially, we note that the statute's language does not in fact create sub-preferences within the preferential classes set forth in each subparagraph, and, moreover, we have found no case law interpreting Section 475.050.1(3) in that manner. Nevertheless, we find that the above mentioned case law construing Section 475.050.1 clearly permits a trial court to use its discretion in appointing guardians or conservators despite statutory preference when the appointment serves the best interests of the disabled or incapacitated person. *See Wood,* 852 S.W.2d at 868–69.

■ The trial court found that the appointment of Ms. Rayoum as guardian and conservator would serve Ms. Banks' best interests. The trial court's decision is am-

ply supported by the record. Indeed, Ms. Banks–Haines does not contest the trial court's factual findings. Rather, she emphasizes that the trial court found that she and Ms. Rayoum were "equally qualified and willing to act." To the extent that Ms. Banks–Haines is suggesting that the trial court found that the appointment of either her or Ms. Rayoum would "equally" serve Ms. Banks' best interests, she has misconstrued the trial court's findings. The trial court simply stated in its judgment that both petitioners were "suitable and fit to act". Importantly, however, the trial court concluded that because Ms. Rayoum had cared for Ms. Banks for the past several years and that Ms. Banks had adapted well to her current circumstances, it was in Ms. Banks' "best interests to remain in the care and custody of Petitioner, Lavaughnda J. Rayoum." Ms. Banks–Haines has pointed to nothing in the record which in any way casts doubt on this finding. We conclude that the trial court did not erroneously apply the law and acted within its discretion when appointing Ms. Rayoum guardian and conservator of Ms. Banks. Point denied.

## Conclusion

The judgment of the trial court is affirmed.

NANNETTE A. BAKER, C.J., and KURT S. ODENWALD, J., Concur.