James H. **BROCK**, Plaintiff–
Respondent,

v.

Martha **CALDWELL**, Defendant–
Appellant.

**No. SD 31206.**

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 27, 2012.

Brian D. Payne, Rice, Speth, Summers & Heisserer, L.C., Cape Girardeau, MO, for Appellant.

No brief filed by Respondent.

GARY W. LYNCH, Judge.

Martha Caldwell, defendant in the trial court and referred to herein as "Owner," appeals the trial court's judgment in favor of James H. Brock, plaintiff in the trial court and referred to herein as "Purchaser." The trial court's judgment quieted title in Purchaser to a certain tract of real property that he claimed through a collector's deed following his purchase at a third-offering delinquent land tax auction, under the provisions of sections 140.250

and 140.405.[1]  Finding that Purchaser's collector's deed is invalid because Purchaser failed to notify the collector *by affidavit* that proper notice of Owner's right of redemption was given, all as required by section 140.405, we reverse and remand with directions.

### Factual and Procedural Background

Owner held record title to real estate situated at 809 Cherokee in Sikeston, New Madrid County, Missouri ("Property"). On August 28, 2006, following non-payment of taxes and penalties assessed against Property in previous years and two previous offerings for sale by the county collector, Purchaser made the highest bid for Property in the amount of $3,672.09 and paid the collector that amount.  Owner did not redeem Property, and Purchaser thereafter acquired from the county collector a "Collector's Deed for Lands Sold for Delinquent Taxes at Third Sale," dated March 28, 2007.  It was recorded on the same date.

Less than three months later, Purchaser notified Owner by letter of his acquisition of Property by the collector's deed.  In that letter, Purchaser demanded that Owner vacate the residence and quitclaim her interest.  Eleven days later, Purchaser filed a two-count petition seeking a judgment quieting title to Property, as provided for in section 140.330, and for ejectment of Owner.  Following a bench trial, the trial court entered judgment for Purchaser on both counts and assessed attorney fees and rents against Owner.  Owner timely appealed.

While Owner presents three points alleging trial court error,[2] we find that her third point has merit and is dispositive of this appeal.  In that point, Owner alleges that the trial court erred in finding she "was forever barred from redeeming the property in question because [Purchaser] did not comply with the notice provisions of § 140.405 in that [Purchaser] failed to file an affidavit with the county collector and therefore failed to start the ninety-day redemption period."[3]  We agree.

### Standard of Review

■ Our standard of review requires that in court-tried cases, we sustain the trial court's judgment unless we determine that there was no substantial evidence to support it, it was against the weight of the evidence, or it erroneously declared or applied the law.  *United Asset Mgmt. Trust Co. v. Clark*, 332 S.W.3d 159, 163 (Mo.App. 2010).  Here, Owner challenges the trial court's application of section 140.405, thus

---

1.  All statutory references are to RSMo Cum. Supp.2003, unless otherwise indicated.  "Chapter 140, including § 140.405, was extensively revised and amended by House Bill 1316 adopted by the Missouri General Assembly in 2010."  *United Asset Mgmt. Trust Co. v. Clark*, 332 S.W.3d 159, 163 n. 2 (Mo.App. 2010).

2.  In her first point, Owner claims that the trial court misapplied the law when it found in favor of Purchaser, in that Purchaser failed "to take additional reasonable steps to effectuate notice" to Owner, which rendered Purchaser's "notice insufficient and voided the collector's deed."  In Point II, Owner further alleges that the form and content of Purchas-

er's notice to Owner "failed to advise [Owner] that she had ninety days from the filing of [Purchaser's] affidavit with the collector in which to redeem, or be forever barred from doing so."

3.  Purchaser did not file a respondent's brief.  Respondents are not required to file briefs.  *Emig ex rel. Emig v. Curtis*, 117 S.W.3d 174, 177 (Mo.App.2003).  "While there is no penalty for that omission, it requires this court to adjudicate [Owner's] claims of error without the benefit of whatever argument, if any, [Purchaser] could have made in response."  *In re Estate of Klaas*, 8 S.W.3d 906, 908 (Mo.App.2000).

appellate review is *de novo.* *See Cook v. Newman,* 142 S.W.3d 880, 886 (Mo.App. 2004).

### *Discussion*

Section 140.250 addresses third-offering sales of property for delinquent taxes and provides that "there shall be a ninety-day period of redemption from such sales as specified in section 140.405." Section 140.250.1. It further provides that "[n]o certificate of purchase shall issue as to such sales, but the purchaser at such sales shall be entitled to the issuance and delivery of a collector's deed upon completion of title search action as specified in section 140.405." Section 140.250.2.

Section 140.405 sets forth the requirements with which a purchaser of property sold under a third-offering delinquent land tax auction must comply in order to procure a collector's deed. If all such requirements are met and there is no redemption within the applicable period, a purchaser may acquire a collector's deed vesting in the purchaser an absolute estate in fee simple. *See* sections 140.405 and 140.420. "Section 140.405 exists to protect the due process rights of those with substantive interest in property." *Hames v. Bellistri,* 300 S.W.3d 235, 240 (Mo.App. 2009), *criticized on other grounds in United Asset Mgmt. Trust Co.,* 332 S.W.3d at 170. Section 140.405 states:

> **140.405. Purchaser of property at delinquent land tax auction, deed issued to, when—affidavit—notice of right of redemption—loss of interest, when.**— Any person purchasing property at a delinquent land tax auction shall not acquire the deed to the real estate, as provided for in section 140.420, until the person meets with the following requirement or until such person makes affidavit that a title search has revealed no publicly recorded deed of trust, mort-

gage, lease, lien or claim on the real estate. At least ninety days prior to the date when a purchaser is authorized to acquire the deed, the purchaser shall notify any person who holds a publicly recorded deed of trust, mortgage, lease, lien or claim upon that real estate of the latter person's right to redeem such person's publicly recorded security or claim. Notice shall be sent by certified mail to any such persons, including one who was the publicly recorded owner of the property sold at the delinquent land tax auction previous to such sale, at such person's last known available address. Failure of the purchaser to comply with this provision shall result in such purchaser's loss of all interest in the real estate. If any real estate is purchased at a third-offering tax auction and has a publicly recorded deed of trust, mortgage, lease, lien or claim upon the real estate, the purchaser of said property at a third-offering tax auction shall notify anyone with a publicly recorded deed of trust, mortgage, lease, lien or claim upon the real estate pursuant to this section. *Once the purchaser has notified the county collector by affidavit that proper notice has been given, anyone with a publicly recorded deed of trust, mortgage, lease, lien or claim upon the property shall have ninety days to redeem said property or be forever barred from redeeming said property.* If the county collector chooses to have the title search done then the county collector must comply with all provisions of this section[ ] and may charge the purchaser the cost of the title search before giving the purchaser a deed pursuant to section 140.420.

(Emphasis added).

The notice-to-the-collector-by-affidavit provision in this section serves two purposes. *United Asset Mgmt. Trust Co.,* 332

S.W.3d at 170. "First, it evidences of record the purchaser[']s compliance with § 140.405's requirement to send notice to lien and claim holders." *Id.* Second, it establishes of record the beginning date of the ninety-day redemption period mandated by that section. *Id.*; *see also Keylien Corp. v. Johnson,* 284 S.W.3d 606, 613 (Mo.App.2009), *criticized on other grounds in United Asset Mgmt. Trust Co.,* 332 S.W.3d at 170 ("In third offering tax sales, there is a ninety-day redemption period that begins on the date that the affidavit is filed with the collector."); *CedarBridge, L.L.C. v. Eason,* 293 S.W.3d 462, 466 (Mo. App.2009), *criticized on other grounds in United Asset Mgmt. Trust Co.,* 332 S.W.3d at 170. Thus, by the express terms of this section, the ninety-day redemption period does not begin until the collector is notified by affidavit that proper notice has been given.

■ The record before us does not contain any evidence that the requisite affidavit was filed with the county collector, and Purchaser's own evidence at trial affirmatively established that he failed to comply with this requirement:

Q. [by Owner's counsel] … did you provide [the county collector] with an affidavit regarding this matter?

A. [by Purchaser] No.

Similarly, the collector of revenue for New Madrid County testified that at the time of purchase at the third-offering sale at issue, his office did not require that an affidavit be filed. On cross-examination, the collector stated that his office now requires the filing of the affidavit, stating, "That's what the law requires."

■ A "tax sale 'merely operates to vest the purchaser with an inchoate right or interest subject to a statutory right of redemption.'" *CedarBridge, L.L.C.,* 293 S.W.3d at 468 (quoting 72 Am.Jur.2d *State and Local Taxation* § 947). "Title re-

mains in the former owner throughout the redemption period, and *only if the purchaser takes the necessary steps to perfect his title* will he be vested with new and paramount title, free from all encumbrances existing prior to the sale." *Id.* at 469. Because Purchaser failed to provide notice to the collector *by affidavit,* as required in section 140.405, he failed to take the necessary steps to perfect his title and failed to trigger the commencement of the ninety-day period of redemption as provided for in that section. If the period of redemption never began, then *a fortiori,* it has never expired.

Section 140.405 begins with the preface that "[a]ny person purchasing property at a delinquent land tax auction shall not acquire the deed to the real estate, as provided for in section 140.420, until the person meets with the following requirement[.]" Because the "following requirement" includes notice to the collector by affidavit in order to commence the ninety-day redemption period, Purchaser was not entitled to a collector's deed for Property. Thus, Purchaser's failure to provide notice to the collector by affidavit, as required by section 140.405, rendered invalid the subsequent issuance of a collector's deed for Property. Owner's third point is granted.

According to section 140.330.2, pertinent to Purchaser's action for quiet title,

… if upon the hearing of such cause it shall appear that the complainant's title was or is invalid for any cause, such suit shall not be dismissed by the court, but the court, in cases where the tax was due and unpaid, … shall ascertain the amount due the complainant, for principal and interest, to be computed at not to exceed ten percent per annum, and from whom due, and shall decree the payment thereof within a reasonable time by the owner of such land[.]

Upon remand, the trial court should proceed in accordance with this section and, if necessary, take additional evidence in order to do so.

### *Decision*

The trial court's judgment is reversed, and the case is remanded to the trial court to proceed as directed herein.

BURRELL, P.J., and RAHMEYER, J., concur.