

# Missouri Court of Appeals

## Southern District

### Division Two

In The Estate Of:             )
KENNETH SUMMER, JR.,       )
                                  )
       Respondent-Respondent,    )
                                  )       No. SD32761
v.                                       )       Filed: 3-31-14
                                  )
MISSOURI DEPARTMENT OF    )
MENTAL HEALTH,            )
                                  )
       Petitioner-Appellant.      )

### APPEAL FROM THE CIRCUIT COURT OF PHELPS COUNTY

Honorable Ronald D. White, Associate Circuit Judge

## REVERSED AND REMANDED

The Missouri Department of Mental Health (MDMH) filed a petition for appointment of a guardian and conservator for Kenneth Summer (Summer) in the probate division of the Circuit Court of Phelps County, Missouri. The trial court entered an order dismissing the petition for improper venue, and MDMH appealed.[1] MDMH contends the trial court's dismissal resulted from a misapplication of the law. We agree. The order of

---

[1] This order is appealable pursuant to § 472.160(14) RSMo (2000) because it fully and finally disposed of all issues in the case. The order did not need to be denominated as a judgment because Rule 74.01 does not apply to this Chapter 475 probate proceeding. *See* Rule 41.01; *Care and Treatment of Burgess v. State*, 34 S.W.3d 430, 432 (Mo. App. 2000).

dismissal is reversed, and the cause is remanded for further proceedings consistent with this opinion.

### Factual and Procedural Background

In March 2013, MDMH filed a petition for appointment of a guardian and conservator for Summer. The petition alleged, *inter alia*, that: (1) Summer's domicile was Phelps County, Missouri; (2) he had been charged with three counts of statutory sodomy in the first degree in the Circuit Court of Phelps County; (3) he was admitted to the Fulton State Hospital on February 4, 2008; (4) a Phelps County judge had found Summer incompetent to stand trial on the sodomy charges on October 22, 2009; (5) he could be found at the Southeast Missouri Mental Health Center, where he was transferred in August 2011; and (6) he was in need of the appointment of a guardian and conservator due to his mild mental retardation. The petition proposed that the Phelps County Public Administrator be appointed as Summer's guardian and conservator.

The Public Administrator filed an answer opposing her appointment. The answer alleged, *inter alia*, that Summer was not in Phelps County and had not been there since February 4, 2008. The answer denied that venue was proper because Summer had not lived in Phelps County since 2005, and he had been committed in a mental health facility out of the county since 2008.

In April 2013, the trial court conducted a hearing on the petition. Summer's mother gave the following testimony relevant to the venue issue. Summer was born in Elko, Nevada in 1971. When he was two years old, he moved with his family to St. James, Missouri. Summer lived with his family until he was 18 or 19 years old. He got married and lived "pretty much on his own for a while" in St. James. Thereafter, he lived

2

in the cities of Cuba, Sullivan and Steelville, Missouri.[2] He then returned to St. James and lived there in an apartment for about a year prior to being arrested on the sodomy charges. After the presentation of evidence, the trial court stated:

> THE COURT: Okay. Well, the first hurdle I've got to get over is venue. I'm still trying to figure out why I'm on this case. He hasn't been in this county, has no intention of being in this county for at least the last five years. So why is it my case?
>
> [MDMH attorney]: Because this is the county of his domicile. He moved here with his mother when he was an infant, and that establishes domicile in this county.
>
> THE COURT: And he left this county as an adult and lived in Crawford County and at least two different places thereafter. So why does this continue?
>
> [MDMH attorney]: He returned here and lived for a year –
>
> THE COURT: And then he left.

The court took the matter under advisement.

> In May 2013, the court entered an order dismissing the petition because:
>
> From the evidence presented, the Court is not able to determine where [Summer] is domiciled. The evidence established that [Summer] has not lived in Phelps County since at least early 2008. The evidence established that [Summer] physically resided in multiple counties both before and after being physically present in Phelps County. [The Court] finds that Phelps County, Missouri has not [been] proven to be the domicile of [Summer].

This appeal followed.

---

[2] A court may take judicial notice of the geographical location of cities in the state. *Maxwell v. City of Hayti*, 985 S.W.2d 920, 922 (Mo. App. 1999). Therefore, we take judicial notice of the fact that: (1) the city of St. James is located in Phelps County; (2) the cities of Cuba and Steelville are located in Crawford County; and (3) the city of Sullivan is located in both Crawford and Franklin counties.

## Discussion and Decision

We must affirm the trial court's order unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *In re Beyersdorfer*, 59 S.W.3d 523, 525 (Mo. banc 2001).

The determination of venue in a proceeding to appoint a guardian or conservator is governed by § 475.035. *Beyersdorfer*, 59 S.W.3d at 525.[3] In relevant part, § 475.035 states:

> 1. The venue for the appointment of a guardian or conservator shall be:
>
> (1) In the county in this state where the minor or alleged incapacitated or disabled person is domiciled; or
>
> (2) If the minor or alleged incapacitated or disabled person has no domicile in this state, then in the county in which the minor or alleged incapacitated or disabled person actually resides, or if he or she does not reside in any county, then in any county wherein there is any property of the minor or alleged incapacitated or disabled person; or
>
> (3) In the county, or on any federal reservation within the county, wherein the minor or alleged incapacitated or disabled person or his or her property is found ….
>
> 2. If the alleged incapacitated or disabled person has resided in a county other than the county of his or her domicile for more than one year, the court of that county may assume venue for the purpose of appointment of a guardian or conservator.

*Id*. In *Beyersdorfer*, our Supreme Court construed § 475.035.1(1)-(3) to mean that:

> venue for appointment of a guardian/conservator is: (1) in the county of domicile; (2) if no domicile exists in Missouri, in the county of actual residence; (3) if no domicile or actual residence exists in Missouri, in any county where property is found; (4) if no domicile, actual residence, or property exists in Missouri, in any county where the alleged incapacitated/disabled persons or their property are found.

---

[3] All references to statutes are to RSMo (2000).

*Beyersdorfer*, 59 S.W.3d at 526. If Summer had a Missouri domicile, then venue lay in that county. *See* § 475.035.1(1); *Beyersdorfer*, 59 S.W.3d at 526.

"Domicile has been equated with one's intended permanent residence." *State ex rel. Missouri Dept. of Social Services, Div. of Medical Services v. Roper*, 174 S.W.3d 563, 567 (Mo. App. 2005); *see also* § 472.010(10) (defining domicile as "the place in which a person has voluntarily fixed his abode, not for a mere special or temporary purpose, but with a present intention of remaining there permanently or for an indefinite time"); *Matter of Estate of Potashnick*, 841 S.W.2d 714, 720 (Mo. App. 1992) (domicile is a person's "permanent home ... to which, whenever he is absent, he has the intention of returning"). "A person can have but one domicile, which, when once established, continues until he renounces it and takes up another in its stead." *In re Toler's Estate*, 325 S.W.2d 755, 759 (Mo. 1959).

Based upon our review of the judgment, it is apparent that the trial court believed the aforementioned testimony about when, where and why Summer had lived at various locations in Missouri. When Summer moved to Phelps County with his parents, that became his domicile. *See In re Jackson*, 592 S.W.2d 320, 321 (Mo. App. 1979). Prior to Summer's arrest, he also lived in Crawford County and possibly in Franklin County. Based on the evidence presented, one of those three counties had to be Summer's domicile. Nonetheless, the judgment stated that "the Court is not able to determine where [Summer] is domiciled." MDMH argues that this ruling resulted from a misapplication of the law because the court mistakenly believed that Summer's domicile changed when he was involuntarily committed in 2008. We agree.

Based upon the judge's comments at the hearing and the language of the judgment, it appears the court believed that Summer's involuntary commitment changed

his domicile.  That is incorrect.  *See **Fincher v. State***, 795 S.W.2d 505, 507 (Mo. App. 1990) (involuntary commitment in prison does not change a person's domicile); ***State ex rel. Henderson v. Blaeuer***, 723 S.W.2d 589, 590 (Mo. App. 1987) (a person does not gain or lose a domicile by becoming an inmate or patient in a public institution); ***Hamilton v. Henderson***, 117 S.W.2d 379, 381 (Mo. App. 1938) (the fact that an insane person is involuntarily confined in an institution outside the county does not change his residence).  Therefore, the order of dismissal is reversed, and the cause is remanded for further proceedings consistent with this opinion.

On remand, the trial court must decide whether Summer's domicile is located in Phelps, Crawford or Franklin County.  In the court's discretion, it may permit additional evidence on that issue to be presented.  *See **Brock v. Caldwell***, 358 S.W.3d 542, 546 (Mo. App. 2012).  If the court decides that Summer's domicile is located in Crawford County or Franklin County, the court is directed to transfer the case to the county of proper venue, rather than dismiss the petition.  *See* § 476.410 (requiring a court to transfer a case filed in the wrong venue to a correct division or circuit); ***Kleim v. Sansone***, 248 S.W.3d 599, 601 (Mo. banc 2008) (holding that the trial court should have transferred the action to the proper division, rather than dismissing the action); ***State v. Taylor***, 238 S.W.3d 145, 150 (Mo. banc 2007) (holding that § 476.410 applies both to civil and criminal cases and requires transfer, rather than dismissal); *see also **Beyersdorfer***, 59 S.W.3d at 525.


JEFFREY W. BATES, P.J. – OPINION AUTHOR

GARY W. LYNCH, J. – CONCUR

DON E. BURRELL, J. – CONCUR