In the Missouri Court of Appeals
 Western District

 LEE ALLEN FISHER, )
 Appellant, )
 v. ) WD84058
 )
 NINA M. SLINGER, )
 Respondent, ) FILED: October 26, 2021
 and )
 KEITH A. MAYER, )
 Respondent. )

 APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY
 THE HONORABLE MARK A. STYLES, JR., JUDGE

 BEFORE DIVISION THREE: LISA WHITE HARDWICK, PRESIDING JUDGE,
 GARY D. WITT AND EDWARD R. ARDINI, JR., JUDGES

 Lee Fisher appeals from the circuit court’s judgment denying his motion to be

appointed guardian and conservator of his sister, Nina Slinger, and granting Keith

Mayer’s competing motion for appointment. Fisher contends that the circuit court

misapplied the factors for the order of appointment priority in Section 475.050.1

For reasons explained herein, we affirm.

1
 Unless otherwise indicated, statutory citations refer to the Revised Statutes of Missouri 2016, as
updated through the 2020 Cumulative Supplement.
 FACTUAL AND PROCEDURAL HISTORY

 Slinger is 87 years old. Fisher is Slinger’s brother, and Mayer is her nephew

by marriage. Mayer and his wife have a close relationship with Slinger. Mayer has

been assisting Slinger with her medical, financial, and personal wellbeing since

roughly 2010, when her husband died. In 2012, Slinger added Mayer to her bank

accounts so he could better assist her financially if necessary. In 2015, Slinger

granted Mayer a durable power of attorney for all general purposes, and Mayer

contends a second power of attorney was also granted for medical decisions. The

document pertaining to medical decisions was lost, however, so Slinger and Mayer

executed a new document in 2018. From 2015 to 2018, Mayer assisted Slinger

with personal, financial, and healthcare issues, which included selling her home and

moving her to an independent living apartment.

 In 2018, Slinger was diagnosed with dementia. In August 2019, members

of Slinger’s family took her to Fisher’s house to stay with him. Contrary to

Mayer’s expectations that the visit would last a week, Fisher kept Slinger at his

home for roughly a year until after the trial. Mayer had limited contact with Slinger

during that time. Fisher filed a petition for appointment of guardian and

conservator on August 16, 2019, and an amended petition on March 23, 2020.

Mayer filed a competing petition for appointment on August 26, 2019.

 At the bench trial, the court considered testimony and medical evidence of

Slinger’s cognitive decline, and the parties stipulated to Slinger’s incapacity and

need for a guardian and conservator. Slinger also testified at trial that she wanted

 2
Fisher to be her guardian, but, among other indications of mental decline, she did

not remember her relationship to Mayer, did not remember requesting that her

daughter be appointed a few months prior, did not know Fisher’s address or where

she had lived at the independent living apartment, and greatly underestimated how

long she had been staying with Fisher and why.

 After trial, the circuit court entered its judgment ordering that Fisher’s

motion to be appointed guardian and conservator be denied and that Mayer’s

competing motion be granted. Fisher filed a motion for new trial, which was

denied. Fisher appeals.

 STANDARD OF REVIEW

 We will affirm the circuit court’s judgment “unless there is no substantial

evidence to support it, unless it is against the weight of the evidence, unless it

erroneously declares the law, or unless it erroneously applies the law.” Murphy v.

Carron, 536 S.W.2d 30, 32 (Mo. banc 1976). “Substantial evidence is evidence

which, if true, is probative of the issues and from which [the trier of fact] can

decide the case.” Hays v. Price, 313. S.W.3d 645, 650 (Mo. banc 2010). “A

claim that the judgment erroneously declares or applies the law . . . involves review

of the propriety of the trial court's construction and application of the law.” Pierce

v Mo-Kan Sheet Metal Workers Welfare Fund, 616 S.W.3d 409, 413 (Mo. App.

2020). “Against-the-weight-of-the-evidence review is very deferential. A judgment

is only reversed in rare cases, when the reviewing court has a firm belief that the

 3
decree or judgment is wrong.” Matter of A.L.R., 511 S.W.3d 408, 414 (Mo. banc

2017).

 ANALYSIS

 Prior to addressing the merits of Fisher’s points on appeal, we must address

the deficiencies in his briefing. Mayer contends that Fisher’s amended brief

violates Rule 84.04 in that it fails to provide an adequate statement of facts and

raises multifarious points on appeal. We agree. Fisher’s statement of facts

contains only three sentences and is very similar to the deficient statement of facts

in Moore v. Quirk, 81 S.W.3d 717, 720 n.1 (Mo. App. 2003):

 Appellants' statement of facts is two paragraphs and one sentence
 long. It is merely a recitation of the procedural history of the case.
 Rule 84.04(c) requires the statement of facts to be a fair and concise
 statement of the facts relevant to the questions presented for
 determination without argument. The facts should define the scope of
 the controversy and afford an immediate, accurate, complete and
 unbiased understanding of the facts of the case. Appellants' recital of
 the facts is deficient and violates Rule 84.04(c). We do not dismiss
 Appellants' appeal on this basis, however, because the argument
 section of Appellants' brief provides this court with an understanding
 of the issues raised.

(internal citations and quotation marks omitted). Similarly, because the argument

portion of Fisher’s brief allows us to understand the issues raised, we will not

dismiss the appeal on the basis of the deficient statement of facts. See id.

 In addition to the deficient statement of facts, Fisher’s three points on appeal

allege “[that the circuit court’s decision was] contrary to law, [that the circuit

court] erroneously declared or applied the law, [and that its decision] was not

supported by substantial evidence and [was] against the weight of evidence.”

 4
Each of these arguments is separate and distinct from the other and must be

asserted in separate points on appeal. In re Marriage of Blanchard, 613 S.W.3d

879, 886 (Mo. App. 2020). Multifarious points on appeal preserve nothing for

appellate review and are grounds for dismissal. Id. Nevertheless, because of our

preference to reach the merits of every appeal, and because we can address

Fisher’s arguments without acting as his counsel, we will gratuitously address the

merits of Fisher’s claims. See Buckley v. Tipton, 270 S.W.3d 919, 922 (Mo. App.

2008 (noting our longstanding preference to reach the merits of every appeal).

 In his first point on appeal, Fisher contends the circuit court erred in finding

that Slinger’s request to have him appointed as guardian and conservator was not

reasonable. In reaching its decision to deny Fisher’s motion, the court considered

Section 475.050.1, which lists the order in which guardians and conservators must

be selected for appointment. In relevant part, Section 475.050.1(1)-(4) reads:

 Before appointing any other eligible person as guardian of an
 incapacitated person, or conservator of a disabled person, the court
 shall consider the suitability of appointing any of the following
 persons, listed in the order of priority, who appear to be willing to
 serve:

 (1) If the incapacitated or disabled person is, at the time of the
 hearing, able to make and communicate a reasonable choice, any
 eligible person nominated by the person;

 (2) Any eligible person nominated in a durable power of attorney
 executed by the incapacitated or disabled person, or in an instrument
 in writing signed by the incapacitated or disabled person and by two
 witnesses who signed at the incapacitated or disabled person's
 request, before the inception of the person's incapacity or disability;

 (3) The spouse, parents, adult children, adult brothers and sisters and
 other close adult relatives of the incapacitated or disabled person;
 5
 (4) Any other eligible person or, with respect to the estate only, any
 eligible organization or corporation, nominated in a duly probated will
 of such a spouse or relative.

The court found that, based on the evidence of cognitive decline presented, Slinger

could not communicate a reasonable choice for who should be appointed as her

guardian and conservator. Thus, it found that Fisher did not meet the requirement

for priority under Section 475.050.1(1). The court then found that Mayer met the

second tier of priority under Section 475.050.1(2) by way of his valid durable

power of attorney. The court, therefore, found that Mayer had the highest

statutory priority for appointment and appointed him as guardian and conservator.

 Fisher generally argues that, because Slinger made, through a written

declaration and testimony at trial, her reasonable choice for him to be her guardian,

he had the highest appointment priority under Section 490.050.1(1). The parties

do not contest that Slinger testified that she wanted Fisher to be her guardian. In

making its finding that Slinger was unable to communicate a reasonable decision,

however, the circuit court considered evidence that Slinger had repeatedly selected

Mayer to assist her, make major decisions for her, and manage her finances prior to

the onset of her dementia. The court also considered evidence that Slinger had

been taken to Fisher’s house under mysterious circumstances for roughly a year

leading up to trial. Finally, the court considered substantial evidence of Slinger’s

increasing dementia, confusion, and memory impairment, which reduced her ability

to make a reasonable decision regarding who should be her guardian and

conservator.
 6
 In contesting the court’s finding, Fisher argues that, despite medical and

legal determinations of incapacity, Slinger “was still able to testify, make and

communicate” her preference. The majority of Fisher’s arguments focus on fact

and law relating to why he was a reasonable choice for guardian and conservator.

Thus, Fisher essentially argues that because Slinger could communicate a

preference, and because that preference turned out to be reasonable, he should

have been appointed over Mayer.

 Specifically, Fisher insists, “there is nothing in the record indicating that [he]

was not a suitable choice for guardian and conservator or that he was somehow

disqualified.” This argument misinterprets the standard by which a circuit court

must determine Section 475.050.1(1)’s applicability. Mere communication of any

preference, which might, by chance, be reasonable, is not sufficient; rather, “the

protectee [must be] determined to have the capacity to choose [her] conservator.”

Matter of Waldron, 910 S.W.2d 837, 840 (Mo. App. 1995); see also In re Estate

of Romberg, 942 S.W.2d 417, 420 (Mo. App. 1997) (considering protectee’s

capability to make a reasonable choice of guardian due to her dementia).

 Fisher’s only argument that Slinger had adequate capacity to make a

reasonable decision was that “[Slinger’s doctor’s] latest examinations and

assessment before Trial indicates that Mrs. Slinger could make a reasonable

choice.” Fisher cites generally to Slinger’s medical records, but those records do

not specifically indicate her ability to make substantial reasonable decisions. In

contrast, the most recent medical assessment, along with prior assessments,

 7
appears equally harmful to Fisher’s argument because it notes Slinger’s memory

loss and her inability to care for her health and financial well-being. The circuit

court specifically relied on these same medical records, as well as additional

testimony, to make its finding that Slinger was “not able to communicate a

reasonable choice.” Thus, Fisher’s argument is unpersuasive.

 Without a far greater showing of fact or law to the contrary, Fisher has failed

to meet his burden to show that the circuit court’s decision was against the weight

of the evidence, unsupported by substantial competent evidence, or that the court

erroneously declared or applied the law. Point I is denied.

 In his second point, Fisher contends that Mayer’s durable power of attorney,

which was originally entered into in 2015, did not grant Mayer priority under

Section 475.050.1. Fisher also insists that, because Mayer’s power of attorney

was “springing” and did not take effect until Slinger was incapacitated, it did not

go into effect until ostensibly after she made her written and testimonial request

that Fisher be her guardian and conservator. Therefore, he argues that he has

priority over Mayer. Fisher bases these arguments on the premise that Slinger

could communicate a reasonable choice of guardian and conservator. Given the

circuit court’s finding to the contrary, and our affirmation of that decision, these

arguments have no merit.

 In addition, the plain language of Section 475.050.1(2) requires only that the

power of attorney be “executed by the incapacitated or disabled person, or in an

instrument in writing signed by the incapacitated or disabled person and by two

 8
witnesses who signed at the incapacitated or disabled person's request.” §

475.050.1(2). The “springing” nature of Mayer’s power of attorney has no effect

on Section 475.050.1(2)’s applicability. Mayer meets the requirements of Section

475.050.1(2) by way of his durable power of attorney granted by Slinger. Fisher

does not meet the requirements of Section 475.050.1(1) or (2), so the court did

not err in appointing Mayer guardian and conservator. Point II is denied.

 In his third point, Fisher argues that he, as Slinger’s brother, has priority over

Mayer, Slinger’s nephew by marriage, under Section 475.050.1(3). This argument

ignores that Mayer meets the requirement for a higher priority under Section

475.050.1(2) through his durable power of attorney executed by Slinger.

Moreover, when considering appointment under Section 475.050.1(3), courts need

not compare the degree of family relationship. In re Banks, 285 S.W.3d 389, 392

(Mo. App. 2009) (rejecting a similar argument by finding “the statute's language

does not in fact create sub-preferences within the preferential classes set forth in

each subparagraph”). Point III is denied.

 CONCLUSION

 The judgment is affirmed.

 ____________________________________
 LISA WHITE HARDWICK, JUDGE
ALL CONCUR.

 9